PEMBAUR, APPELLEE, *v.* LEIS, PROS. ATTY., ET AL., APPELLANTS.

[Cite as Pembaur *v.* Leis (1982), 1 Ohio St. 3d 89.]

(Nos. 81-1083 and 81-1169—Decided July 21, 1982.)

*Mr. William Flax,* for appellee.

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. Leonard Kirschner* and *Mr. Robert W. Worth,* for appellants Leis, Whalen and Jackson.

*Mr. William J. Brown,* attorney general, and *Mr. Howard D. Silver,* for appellants Heavrin, Sharp, Ferguson, Robinson and Nelson.

CELEBREZZE, C.J. A trial court may dismiss an action when a plaintiff fails to prosecute under Civ. R. 41(B)(1) which provides that:

"Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

The language clearly indicates that a failure to prosecute is a ground for dismissal. Pursuant to the rule, the defendants in this case filed a motion for dismissal. The issue is whether the dismissal should have been with prejudice. Civ. R. 41(B)(3) states that:

"A dismissal under this subdivision and any dismissal not provided for in this rule, except as provided in subsection (4) of this subdivision, operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies."

Thus, the rule provides that a dismissal is an adjudication on the merits, unless the court order provides otherwise. The Staff Note states that a dismissal under Civ. R. 41(B) is a dismissal with prejudice unless the court's order affirmatively provides otherwise. In this case, the order stated that the case is "dismissed with prejudice for want of prosecution." Therefore, the trial court expressly stated "with prejudice." However, Pembaur argues that this amounted to an abuse of discretion.

The power to dismiss for lack of prosecution is within the sound discretion of the trial court, and appellate review is confined solely to whether the trial court abused that discretion. *Lopez* v. *Aransas County Independent School Dist.* (C.A. 5, 1978), 570 F. 2d 541, 544. Therefore, the trial court's dismissal with prejudice will not be reversed unless it constitutes an abuse of discretion.

Civ. R. 41(B) infrequently has been the subject of judicial review in Ohio. However, we defined abuse of discretion in *Klever* v. *Reid Bros. Express, Inc.* (1951), 154 Ohio St. 491 [43 O.O. 429], in paragraph two of the syllabus, as follows:

"The term, 'abuse of discretion,' as it relates to an order granting a motion for a new trial, connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court in granting such motion. (Paragraph two of the syllabus in the case of *Steiner* v. *Custer,* 137 Ohio St. 448 [19 O.O. 148] approved and followed.)"

Although the facts in *Klever* concerned an order granting a motion for a new trial, the same standard can be applied to a dismissal with prejudice for lack of prosecution. Our definition of abuse of discretion in *Klever* was applied to a dismissal with prejudice in *Schreiner* v. *Karson* (1977), 52 Ohio App. 2d 219 [6 O.O.3d 237]. The court upheld the dismissal with prejudice for the plaintiff who was not present at the trial and stated "[w]here a plaintiff totally fails to appear, * * * a dismissal with prejudice may be proper for such a failure indicates a lack of interest in pursuing the case." *Id.* at 224. Considering the facts in the case *sub judice,* the dismissal with prejudice cannot be termed unreasonable, arbitrary or unconscionable as required by *Klever, supra.*[3]

This conclusion is supported by federal cases construing Fed. R. Civ. P. 41(b).[4] The United States Supreme Court concluded in *Link* v. *Wabash RR. Co.* (1962), 370 U.S. 626, that the trial court has the power to dismiss with prejudice based upon the plaintiff's failure to appear at a pretrial conference. The court stated that a court has inherent power to dismiss *sua sponte* for lack of prosecution because of the control necessary to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630-631.

Federal court decisions set a strict standard for appellate review of dismissal for lack of prosecution. In *Finley* v. *Parvin/Dohrmann Co.* (C.A. 2, 1975), 520 F. 2d 386, a narrow standard was used. The court concluded that discretion is abused when the decision was arbitrary, fanciful or unreasonable

---

[3] We are mindful of our decision in *Curtis* v. *Chiaramonte* (1978), 53 Ohio St. 2d 15 [7 O.O.3d 61], in which we concluded that a dismissal with prejudice was an abuse of discretion. However, the plaintiff therein had requested a continuance, was present in the witness room at the court, and conferred with her counsel who did not permit her to appear.

In the case *sub judice,* the plaintiff was not present, even after being directed by the court to appear and his location was unknown even to his counsel. Because of the factual differences in the failure to prosecute, *Curtis* is not controlling in this situation.

[4] According to the Staff Note, Civ. R. 41 is patterned after Fed. R. Civ. P. 41.

or only when no reasonable man would take the view adopted by the trial court.[5] This narrow standard of review is similar to ours in *Klever*. Applying the standard to the case *sub judice*, it is clear that the trial court's decision was not an abuse of discretion.[6]

Although disposition of cases on their merits is favored and a dismissal with prejudice is a harsh sanction, we conclude that on these facts, the trial court did not abuse its discretion. Pursuant to Civ. R. 41(B)(1), it is not an abuse of discretion for the trial court to dismiss an action with prejudice for lack of prosecution when the plaintiff voluntarily fails to appear at a hearing, without explanation, when the court has directed him to be present and his location is unknown even to his counsel.

Accordingly, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

W. Brown, Sweeney, Locher, Holmes, C. Brown and Krupansky, JJ., concur.

---

[5] See, also, *Theilmann* v. *Rutland Hospital, Inc.* (C.A. 2, 1972), 455 F. 2d 853, 855; *Marshall* v. *Sielaff* (C.A. 3, 1974), 492 F. 2d 917, 918.

[6] Federal cases support the dismissal in this situation for failure to prosecute prior to trial. For example, the court in *Anderson* v. *Air West, Inc.* (C.A. 9, 1976), 542 F. 2d 522, 524, stated that Fed. R. Civ. P. 41(b) requires prosecution with reasonable diligence to avoid dismissal, and furthermore that failure to prosecute diligently is sufficient to justify a dismissal even in the absence of a showing of actual prejudice to the defendant.

A dismissal with prejudice was upheld when a plaintiff failed to appear to give deposition in *Fischer* v. *Dover S.S. Co., Inc.* (C.A. 2, 1955), 218 F. 2d 682. Similarly, when a plaintiff failed to appear at a scheduled hearing for a deposition, the court found that the dismissal with prejudice for failure to prosecute was not an abuse of discretion. *Anthony* v. *Marion Cty. General Hospital* (C.A. 5, 1980), 617 F. 2d 1164.