NEESE, APPELLANT, *v.*
MAY, APPELLEE.

(No. 12818 — Decided February 25, 1987.)

*Maureen Zadel,* for appellant.
*William D. Dowling,* for appellee.

QUILLIN, P.J. The question presented in this case is may a trial court dismiss a medical malpractice action for want of prosecution where the plaintiff fails to participate in the mandatory arbitration proceedings. We hold the court may dismiss the action and therefore affirm the judgment.

The dismissal order of the trial judge reads:

"This matter is before this court in consideration of defendant Richard E. May, M.D.'s motion to dismiss, filed July 15, 1986, and the responsive pleadings thereto.

"The court finds that this matter was referred to arbitration pursuant to

Ohio Revised Code Section 2711.21. The arbitrators were duly appointed and the matter was ordered to proceed in this court's journal entry of September 9, 1985. The matter was originally set for an arbitration hearing on December 13, 1983. However, due to the plaintiff's physical condition, the arbitration hearing had to be continued. On February 20, 1986 this court notified Attorney Edward Bayer that the arbitration hearing must be scheduled by April 23, 1986, and that failure to do so may result in the matter being dismissed. The arbitration hearing was then set for April 24, 1986. On said date the parties did not proceed with the arbitration hearing, but agreed to a new arbitration date of June 18, 1986.

"Prior to the June 18, 1986 hearing date, plaintiff's attorney contacted Edward A. Bayer, chairman of the arbitration panel, and notified him that the plaintiff would not attend the arbitration hearing. On the arbitration hearing date, the defendant's attorney was present and prepared to proceed. By a unanimous decision, the arbitration panel found that all parties and their respective counsel had received notice of the arbitration date. No evidence was presented by the plaintiff in support of her claim. Thus, the arbitration panel found in favor of the defendant and against the plaintiff.

"Rule 41 of the Ohio Rules of Civil Procedure provides in pertinent part:

" '(B)(1) Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.'

"The court finds that this matter was duly referred to arbitration. After two continuances the arbitration hearing was to proceed on June 18, 1986. Said date was 16 and one-half months after the filing of the plaintiff's complaint. This matter was ordered to proceed but the plaintiff failed to do so. Accordingly, the Defendant's motion to dismiss is well-taken and hereby granted. There is no just cause for delay.

"It is so ordered."

Appellant, Frances Neese, sets forth no assignment of error as required by App. R. 16(A)(2) but instead identifies two issues:

## Issue I

"Whether a hearing conducted before three court-appointed arbitrators where evidence is presented by the defending party and where a finding of fact is issued as a result of such testimony constitutes a 'hearing' pursuant to the provisions and definitions set forth in O.R.C. 2711.02 *et seq.*"

This misrepresents the facts. There was no evidence presented to the arbitration board. Appellant, by choice, did not appear at the scheduled hearing.

## Issue II

"Whether the trial court erred in sustaining appellee's motion to dismiss where appellant timely appealed the judgment of the arbitrators and where appellant's action raised valid claims upon which relief could be granted."

Appellant concedes "that every medical malpractice case filed in the state of Ohio must first be submitted to arbitration prior to going to trial." Appellant was given the opportunity by the trial court to show why the action should not be dismissed for failure to appear at the scheduled arbitration hearing.

In response, appellant did not attempt to explain why she ignored the arbitration hearing, but apparently took the position she could boycott the hearing with impunity. She cites no authority for this position.

The trial court followed the suggestion made by the court in *Heiland* v. *Marfori* (Mar. 20, 1985), Lorain App. No. 3667, unreported. In that case, we suggested that a dismissal for want of

prosecution is the proper procedure where the plaintiff fails to participate in a medical claim arbitration hearing.

A dismissal for failure to prosecute will be overturned on appeal only if the trial court abused its discretion. *Pembaur* v. *Leis* (1982), 1 Ohio St. 3d 89, 1 OBR 125, 437 N.E. 2d 1199. There being no showing that the trial court abused its discretion, the judgment is affirmed.

*Judgment affirmed.*

BAIRD and CACIOPPO, JJ., concur.