**Deller**
**v.**
**Clifton**
*[Cite as 3 AOA 15]*

*Case No. C-890090*
*Hamilton County (1st)*
*Decided May 9, 1990*

*James Rimedio, Esq., 103 Hosea Avenue, Cincinnati, Ohio 45220, for Plaintiffs-Appellants.*

*Jeffrey R. Lewis, Esq., 323 East Eighth Street, Cincinnati, Ohio 45202, for Defendant-Appellee.*

*Per Curiam.*

This cause came on to be heard upon the accelerated calendar pursuant to App. R. 11.1 Local Rule 12, the record from the trial court, the briefs and the oral arguments of counsel.

On December 8, 1987, plaintiffs-appellants James and Jane Deller filed a complaint in the Hamilton County Court of Common Pleas containing claims for malicious prosecution, negligence and loss of consortium. Defendant-appellee W. Deems Clifton, II, and defendants Claire and T. Jeffrey Corcoran filed motions to dismiss appellants' complaint pursuant to Civ. R. 12(B)(6). At a hearing held November 23, 1988, the trial court orally overruled appellee's motion to dismiss and converted the Corcorans' motion to dismiss into a Civ. R. 56 motion for summary judgment. At that time, all parties agreed that a hearing on the Corcorans' motion would be held Tuesday, December 27, 1988, at 9:15 a.m. T.p. 21-22. On December 14, 1988, the trial court entered an order overruling appellee's motion to dismiss and converting the Corcorans' motion to dismiss to a motion for summary judgment. The court's order further stated:

"IT IS ORDERED that defendants' Claire B. Corcoran and T. Jeffrey Corcoran [*sic*] motion to dismiss plaintiffs' Complaint be, and hereby is converted to a Motion for Summary Judgment and is continued to December 22, 1988 at 9:15 A.M. for hearing."

Appellee Clifton filed a motion for summary judgment December 13, 1988. On Thursday, December 22, 1988, the trial court held a hearing on the Corcorans' converted motion for summary judgment. The court further held a hearing on appellee's motion for summary judgment, over appellants' objection that appellee's motion for summary judgment had not been filed fourteen days prior to the hearing. Appellants also argued that they were entitled to an additional three days to respond to appellee's motion because it was served by mail. In an entry containing a Civ. R. 54(B) certification, the trial court overruled defendant Claire Corcoran's motion for summary judgment and granted the motions for summary judgment of appellee and T. Jeffrey Corcoran. Appellants timely appealed the granting of summary judgment in favor of appellee.

Appellants' sole assignment of error alleges:

The trial court erred to the prejudice of appellants by setting and hearing motions for summary judgment less than fourteen (14) days after the motions were served or converted from motions to dismiss to motions for summary judgment.

Appellants argue that the trial court abused its discretion in refusing appellants' request for a continuance, and in proceeding with the hearing on appellee's motion for summary judgment on Thursday, December 22, 1988, over appellants' objection. The record reveals that the hearing on the Corcorans' motion for summary judgment was set by agreement of the parties for December 27, 1988. There is no explanation in the record as to why the hearing date was changed by entry to December 22, 1988. No date was set for the hearing on appellee's motion for summary judgment. On December 22, 1988, appellants appeared before the trial court and stated that they needed more time to adequately address the issues raised in appellee's motion, pointing out that appellee's motion had been served less than fourteen days prior to the hearing, in contravention of Civ. R. 56(C). Under these circumstances, we hold the trial court abused its discretion in unreasonably denying appellants' request for adequate time to prepare a response to appellee's motion for summary judgment. See *Pembaur v. Leis* (1982), 1 Ohio St. 3d 89, 437 N.E.2d 1199. Appellants' assignment of error is sustained.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with law and this Memorandum Decision and Judgment.

*Judgment reversed and cause remanded.*

UTZ, P.J., KLUSMEIER, HILDEBRANDT, JJ.