FARROW RESTORATION, INC. et al., Appellants,

v.

KOWALSKI et al., Appellees.

[Cite as *Farrow Restoration, Inc. v. Kowalski* (1991), 81 Ohio App.3d 54.]

Court of Appeals of Ohio,
Summit County.

No. 14924.

Decided July 17, 1991.

*Carol Rolf* and *Ruthanne Murray*, for appellants.

*William E. Howard* and *Michael D. Rilley*, for appellees.

CACIOPPO, Judge.

Plaintiffs-appellants, Farrow Restoration, Inc. and A.R. Goodman, Inc. ("plaintiffs"), appeal the decision of the Summit County Court of Common Pleas denying their motion for injunctive relief and dismissing their claim for damages. We reverse and remand.

Plaintiffs are in the business of providing restoration services for property damaged by fire, flood and other disasters. On October 17, 1990, plaintiffs filed a complaint against an alleged former customer, Philip Lehman, and one of their former independent contractor sales representatives, Mark Kowalski.

The first claim of the complaint alleged that Mark Kowalski breached his non-compete and nondisclosure agreements by contracting for and engaging in restorations on Philip Lehman's property and by consulting with the plaintiffs' competitors. The second claim alleged that Philip Lehman breached his contract with plaintiffs for the performance of restoration services on his property. The third claim alleged that Philip Lehman breached his promises and representations and should be promissorily estopped from denying his agreement to have plaintiffs perform restoration on his property. The fourth claim alleged that Mark Kowalski tortiously interfered with the contract between plaintiffs and Philip Lehman. The fifth claim alleged that Mark Kowalski owed $2,000 to plaintiffs for advances made to him.

On October 19, 1990, the trial court issued a temporary restraining order against Mark Kowalski. Plaintiffs filed an amended complaint on October 26, 1990, adding defendant Jeff Marks, a former independent contractor sales representative. The amended complaint was essentially the same as the original, except that the first claim alleged that both Mark Kowalski and Jeff Marks breached their noncompete and nondisclosure agreements.

On November 7 and 14, 1990, the trial court held an evidentiary hearing on the plaintiffs' motion for a preliminary injunction and on the merits of matters related to injunctive relief.

By journal entry of December 13, 1990, the trial court ordered that the temporary restraining order be dissolved, that an injunction not issue and dismissed the first, fourth and fifth claims of the complaint, adding "there is no just cause for delay." As to the second and third claims of the complaint, the trial court scheduled a status conference.

On December 18, 1990, defendant Philip Lehman filed an answer and a cross-claim against Mark Kowalski.

On December 31, 1990, plaintiffs filed a notice of appeal.

■ Before addressing the errors assigned, we must determine whether the order appealed from is final and thus appealable. The question of whether an order is final and appealable is jurisdictional and can be raised *sua sponte* by an appellate court. *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 94, 540 N.E.2d 1381, 1383, fn. 1.

■ Civ.R. 54(B) provides a procedure for dealing with a situation where "some * * * distinct branch" of a case is adjudicated but the whole case is not determined. The three prerequisites that must be met for Civ.R. 54(B) to operate are: (1) there must be multiple claims and/or multiple parties, (2) the order which is being appealed must be final, and (3) the trial court must determine there is no just reason for delay.

██ In this case, there are claims for equitable relief against Mark Kowalski and Jeff Marks, claims for damages against these same parties, and claims for damages against Philip Lehman. The existence of claims for equitable relief and damages rendered this a multi-claim action and the existence of these three defendants rendered this a multiple-party action as required by Civ.R. 54(B).

The second part of the test is met because the dismissal of all of the plaintiffs' claims against Kowalski and Marks is final. The claims for damages against Lehman are separate and distinct from the other claims. Moreover, no counterclaims or cross-claims were filed prior to the trial court's adjudication of the causes of action.

The third part of the test is met because the trial court expressly determined that there is no just reason for delay. Accordingly, we determine that the order appealed from is final and appealable.

## ASSIGNMENTS OF ERROR NOS. I AND II

"I. The trial court erred in finding that the agreements not to compete, entered into between the parties, were invalid merely because appellants' business was not shown to be unique or specialized.

"II. The trial court erred in finding that the non-disclosure agreements between the parties were invalid because they sought to protect information generally available to anyone in the field of contracting."

These assignments of error are interrelated and will be addressed together.

Plaintiffs argue that the noncompete and nondisclosure agreements are valid.

The trial court examined the agreements and found them "vague, nondescript, and in Jeff Marks' [case] neither form is executed by the company."

██ The allowance of an injunction rests within the sound discretion of the trial court. *Perkins v. Quaker City* (1956), 165 Ohio St. 120, 59 O.O. 151, 133 N.E.2d 595. Absent an abuse of discretion, a reviewing court will not disturb the trial court's decision refusing an injunction. *Id.* Abuse of discretion connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court. *Pembaur v. Leis* (1982), 1 Ohio St.3d 89, 91, 1 OBR 125, 126–127, 437 N.E.2d 1199, 1201.

██ A review of the record persuades us that the trial court's denial of injunctive relief was not an abuse of discretion where the agreements lack specificity as to geographical area, and include no terms of employment for an

independent contractor from which the one-year noncompetition can be measured, and where there is a lack of agreement between plaintiffs and Marks as evidenced by plaintiffs' failure to sign the documents in question. The first and second assignments of error are not well taken.

## ASSIGNMENT OF ERROR NO. III

"The trial court erred in dismissing plaintiffs'/appellants' claims numbered 4 and 5 which were unrelated to injunctive relief and as such were not properly adjudicated."

Plaintiffs assert that the trial court erroneously dismissed claims four and five. Defendants concede that the hearing before the trial court was limited exclusively to injunctive relief. A review of the record indicates that the hearings held on November 7 and November 14 were solely on issues concerning whether injunctive relief should issue pursuant to the first claim of the complaint. Although the court's journal entry states that it could determine issues in counts four and five from post-trial briefs submitted by the parties, the record is devoid of such briefs. Further, plaintiffs claim that none were ever submitted.

We conclude that claims four and five were not properly adjudicated and were erroneously dismissed. The third assignment of error is well taken.

Based on our disposition of the third assignment of error, the judgment is reversed and the cause is remanded for proceedings consistent with this opinion.

*Judgment accordingly.*

REECE, J., concurs.

BAIRD, P.J., dissents in part.

BAIRD, Presiding Judge, dissenting in part.

Since I believe that the trial court's holding, that the plaintiffs did not establish that their business is so unique and specialized as to justify further restraint of defendants' employment, constitutes the application of an erroneous legal standard, I would sustain the first two assignments of error.

I concur in the balance of the majority's opinion.