DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant Westfield Companies appeals the judgment of the Meigs County Court of Common Pleas that dismissed, with prejudice, appellant's cross-claim against Defendant-Appellee Janet Greene. Appellant argues that the trial court erred in determining that appellant failed to prosecute its subrogation claim against Greene at the jury trial. Appellant asserts that the trial court erred in dismissing its claim because appellant's claim was not ripe until after the jury rendered its verdict.
 {¶ 2} For the following reasons, we disagree with appellant's argument and affirm the decision of the trial court.
 I. The Trial Court Proceedings {¶ 3} Plaintiff-Appellee Larry E. Cummins and Defendant-Appellee Janet Greene were involved in an auto accident. Cummins and his wife sued Greene and their own insurance company, Defendant-Appellant Westfield Companies. Greene's insurance policy had a limit of $100,000, and the Cumminses asserted that if the jury awarded damages over that limit, appellant would be responsible for the difference, up to the Cumminses' policy limits under the underinsured motorists clause of their policy with Westfield. Appellant filed an answer to the Cumminses' complaint, as well as a cross-claim against Greene for subrogation of any such excess liability.
 {¶ 4} Appellee Greene admitted liability in the automobile accident and a jury trial was held on the issues of proximate cause of the Cumminses' injuries and damages. Appellant participated in that trial by conducting voir dire, waiving its opening statement, questioning witnesses, and making a closing argument. Appellant attempted to reduce the potential damage award by arguing Larry Cummins had a pre-existing condition and that some of the treatments he underwent were unnecessary.
 {¶ 5} The jury returned a verdict against Greene for $375,000 and the trial court filed a journal entry reflecting that verdict.
 {¶ 6} Shortly thereafter, appellant filed a motion for summary judgment on its cross-claim against Greene. Greene filed a memorandum in opposition to appellant's motion arguing: (1) that the trial court lacked jurisdiction to consider the motion since motions for summary judgment are pre-trial motions; (2) that genuine issues of material fact existed; and (3) that appellant had waived its cross-claim by not pursuing it at the jury trial. The trial court denied appellant's motion for summary judgment based on its finding that Westfield had waived its subrogation claim as a result of its failure to pursue this claim at trial.
 {¶ 7} Subsequently, appellant filed a motion for a hearing on its cross-claim. Greene responded by arguing that appellant's subrogation cross-claim was res judicata because the trial court had already ruled that appellant had waived its claim by not prosecuting it at trial. The trial court denied appellant's motion for hearing.
 {¶ 8} Appellant appealed the trial court's ruling and this Court determined that the entry appealed from was a not a final appealable order, since the order did not dispose of appellant's claim. Cummins v.Greene (Oct. 20, 2000), Meigs App. No. 00CA12, unreported.
 {¶ 9} Upon remand, the trial court dismissed appellant's claim with prejudice.
 II. The Appeal {¶ 10} Westfield once again appeals and asserts the following assignment of error: "The trial court erred in ruling that Defendant-Appellant Westfield Companies waived its cross-claim by not prosecuting same [sic] at trial.
 A. Dismissal of Appellant's Cross-Claim {¶ 11} In its sole assignment of error, appellant argues that the trial court erred by dismissing appellant's cross-claim against Greene for failure to prosecute, because that claim was not ripe until the jury awarded the Cumminses damages in excess of Greene's insurance coverage.
 1. Standard of Review {¶ 12} Civ.R. 41(B)(1) provides, "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." The decision to dismiss a case pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court. See Pembaur v. Leis (1982), 1 Ohio St.3d 89, 437 N.E.2d 1199;Quonset Hut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46,684 N.E.2d 319.
 {¶ 13} Accordingly, an appellate court's review of a dismissal pursuant to Civ.R. 41(B)(1) is confined to a determination of whether the trial court abused its discretion. See id.; Jones v. Hartranft (1997),78 Ohio St.3d 368, 678 N.E.2d 530. An abuse of discretion "`connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court * * *.'"Pembaur v. Leis, 1 Ohio St.3d at 91, 437 N.E.2d at 1201, quoting Leverv. Reed Bros. Express, Inc. (1951), 154 Ohio St. 491, 96 N.E.2d 781, paragraph two of the syllabus. When conducting our review using the "abuse of discretion" standard, we may not substitute our judgment for that of the trial court. See Berk v. Matthews (1990), 53 Ohio St.3d 161,559 N.E.2d 1301.
 2. Counterclaims and Cross-Claims {¶ 14} Civ.R. 13(G) provides:
 {¶ 15} "A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." Civ.R. 13(G).
 {¶ 16} In the case sub judice, appellant filed a cross-claim against Greene, appellee herein and co-defendant below. Unlike counterclaims, cross-claims are never compulsory. "The chief difference between the two claims, as it relates to this matter, is that counterclaims can be permissive or compulsory, while cross-claims areonly permissive." (Emphasis sic.) Templeton v. Sheets (Sept. 21, 2001), Lawrence App. No. 00CA33, unreported, citing Huntington Nat'l Bank v.Ross (1998), 130 Ohio App.3d 687, 694, 720 N.E.2d 1000, 1005. The assertion of cross-claims is at the discretion of the parties. See id., citing Stephani and Weissenberger, Weissenberger's Ohio Civil Procedure 2001 Litigation Manual (2001) 118. "Thus, if a cross-claim is not brought, the defendant would not be barred from asserting that same claim as a cause of action in a subsequent lawsuit." (Emphasis sic.) Templetonv. Sheets, supra, citing Huntington Nat'l Bank v. Ross,130 Ohio App.3d at 687, 720 N.E.2d at 1005.
 {¶ 17} Appellant chose to file a cross-claim against Greene in the trial court as a part of the action brought by the Cumminses. Appellant was under no obligation to bring that claim at that time. See id. Had it chosen to, appellant could have filed a separate complaint against Greene, following the conclusion of the trial.
 {¶ 18} Appellant now claims, however, that its cross-claim against Greene was premature and was not ripe at the time that it was filed because appellant would not know whether it would have a subrogation claim against Greene until a judgment in excess of Greene's coverage limits was entered against Greene.
 {¶ 19} Civ.R. 13(G) resolves appellant's argument. The rule states that a "cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." (Emphasis added.) Civ.R. 13(G). Accordingly, a party may assert a cross-claim against a co-party even if the co-party's liability to the cross-claimant has not yet been established.
 {¶ 20} Thus, appellant's claim was not premature, nor did it lack the requisite ripeness to be resolved during the trial. Once appellant filed its cross-claim against Greene, it had a duty to prosecute that claim to judgment, especially in light of appellant's involvement during the course of the trial. See Civ.R. 41(B)(1). In order to do so, at the conclusion of the trial, appellant could have requested that two verdict forms go with the jury during their deliberations. That way, should the jury determine that Greene's liability for the Cumminses' damages was in excess of $100,000, as it did in this case, it could then enter a verdict on appellant's subrogation claim.
 {¶ 21} To endorse appellant's argument would result in a multiplicity of suits and obviate the ability of parties to consolidate subrogation claims pursuant to Civ.R. 13(G) because all subrogation claims, by appellant's assessment, would lack the requisite ripeness.
 {¶ 22} Accordingly, we find that the trial court did not abuse its discretion by dismissing appellant's cross-claim, as a result of appellant's failure to prosecute that claim at the original trial, because appellant voluntarily chose to pursue its subrogation claim against Greene through that course of action.
 B. Prejudice from the Disclosure of Insurance Information {¶ 23} Appellant also notes that the disclosure to the jury of the extent of insurance coverage would create the potential for great prejudice and hinder a fair adjudication.
 {¶ 24} We agree with appellant that the potential for prejudice, resulting from the disclosure of insurance information when damages and liability are at issue, is great. Cf. Evid.R. 411. However, Civ.R. 42(B) permits the trial court to conduct separate trials on individual issues or claims. Civ.R. 42(B).
 {¶ 25} In this case, appellant's cross-claim against Greene was not bifurcated pursuant to Civ.R. 42(B). Moreover, appellant did not seek bifurcation of its subrogation claim. Thus, appellant could have sought that its cross-claim be adjudicated separately from Greene's liability and the amount of the Cumminses' damages. However, it chose not to pursue this available course of action, but instead chose to participate in the original action, from pleading through final argument.
 III. Conclusion {¶ 26} For the foregoing reasons, appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the MEIGS COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment and Opinion.
Kline, J.: Dissents with Dissenting Opinion.