OPINION
{¶ 1} Plaintiff-appellant, Shannon John Woodruff, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion for directed verdict of defendant-appellee, Amina I. Barakat, following presentation of plaintiff's evidence. Because the trial court erred in excluding the testimony of plaintiff's medical expert witness, we reverse.
{¶ 2} On January 17, 2001, plaintiff and Sharon M. Woodruff filed a complaint against defendant, designating the complaint a re-filed case. In their complaint, they alleged defendant negligently drove a motor vehicle into plaintiff's lane of travel, causing plaintiff to brake and slide into defendant's car. Plaintiff claimed to suffer permanent and severe injuries as a result of defendant's negligence, and sought damages. Sharon Woodruff alleged a loss of consortium, and also sought damages.
{¶ 3} At the time plaintiff's re-filed complaint was filed with the clerk of courts, a "CLERK'S ORIGINAL CASE SCHEDULE" was generated. According to that schedule, the parties were to file an initial joint disclosure of all witnesses on June 6, 2001, and a supplemental joint disclosure of all witnesses on August 1, 2001, with all discovery to be completed by November 7, 2001. No final pretrial conference was scheduled, but a trial date was set. The case schedule was generated under the name of "Judge J. Connor," but on the same day the complaint was filed, the case was transferred to the judge who had presided over it as originally filed. No amended case schedule was filed.
{¶ 4} On January 24, 2001, plaintiff attempted service on defendant by certified mail, but was unable to achieve service. On August 9, 2001, plaintiff requested personal service on defendant, and defendant was served August 20, 2001. Following defendant's answer, plaintiff sent a first set of interrogatories to defendant.
{¶ 5} On November 6, 2001, defendant filed her initial disclosure of witnesses. In it she identified three witnesses: plaintiff, defendant, and Officer C. Apree. All other potential witnesses were listed generally, such as "All witnesses disclosed by Plaintiffs" and "All necessary Records Custodians." On November 16, 2001, plaintiff responded to defendant's first set of interrogatories and request for documents and, on December 6, 2001, defendant filed a notice to take plaintiff's deposition.
{¶ 6} On January 3, 2002, the trial court filed an entry indicating that a final pretrial had been scheduled for January 2, 2002. Although the trial court and defense counsel were present, plaintiff and plaintiff's counsel did not appear. Accordingly, a pretrial was not held. The trial court noted, however, that plaintiff had filed no disclosure of witnesses, the trial for February 4, 2002 would proceed as scheduled, and plaintiff would be allowed to call only himself as a witness.
{¶ 7} Plaintiff, on January 8, 2002, filed a motion for leave to file a witness disclosure instanter. Plaintiff explained he had provided medical records to defendant with plaintiff's response to defendant's request for documents, and further in response to defendant's Interrogatory No. 28 had indicated plaintiff would call plaintiff's medical providers. Because plaintiff had provided the medical records of plaintiff's treating chiropractor, plaintiff contended defendant had known for some time who plaintiff intended to call. In addition, plaintiff filed an explanation for plaintiff's counsel's absence from the scheduled pretrial: the case schedule indicated no pretrial would be held, and plaintiff had received nothing from the court to the contrary. The trial court entered a decision and entry on February 13, 2002, denying plaintiff's motion for leave to file witness disclosure instanter.
{¶ 8} On January 14, 2002, plaintiff filed a notice to take the video disposition of Dr. Robert Briggs, plaintiff's treating chiropractor. At the trial held February 4, 2002, plaintiff's counsel dismissed the claim of Sharon Woodruff, plaintiff presented his own testimony, and the trial court granted defendant's motion for a directed verdict, more properly viewed a motion to dismiss due to the absence of a jury. On March 1, 2002, the trial court filed a final judgment entry granting judgment to defendant. Plaintiff appeals, assigning the following errors:
{¶ 9} "1. The Trial Court committed reversible error when it refused to admit the testimony of Plaintiff's expert witness at Trial.
{¶ 10} "2. The Trial Court committed reversible error when it refused to admit Plaintiff's medical bills into evidence at Trial.
{¶ 11} "3. The Trial Court committed reversible error when it granted Defendant's Motion for Directed Verdict."
{¶ 12} Plaintiff's first assignment of error asserts the trial court abused its discretion in refusing to admit the testimony of plaintiff's expert medical witness at trial.
{¶ 13} On the day of trial, the trial court explained its decision refusing to allow plaintiff to use the testimony of Dr. Briggs: "I'm going to eliminate Dr. Briggs for failure to comply with the local rule for the following reasons: I just don't think this is the way the lawsuit ought to be handled, frankly. * * * It's been refiled, pending for a year. It was set for pretrial the 2nd day of January 2002. The court and defense counsel were present, ready to proceed, and neither the plaintiff, nor plaintiff's counsel appeared or called or anything. We waited about 30 minutes for counsel to appear, and ultimately I adjourned the pretrial and, therefore, there was no final pretrial held in this case because of plaintiff's failure to appear. Review of the file pursuant to that entry has filed [sic] no initial disclosure of witnesses, that was to be done June 2d 2001. That's over six months ago. That hasn't been done. There was no supplemental disclosure of witnesses ever filed. That was to be done by August 1, 2001. And no motions were filed at all. * * * [T]he plaintiff will be allowed one witness, i.e. the plaintiff. I think you have to follow the local rules, and the local rules say you have to disclose your witnesses. So we are going to proceed on that basis." (Tr. 14-15.)
{¶ 14} Pursuant to Loc.R. 43.01 of the Franklin County Court of Common Pleas, General Division, "[e]ach party shall, not later than the date for disclosure designated in the Case Schedule, disclose all persons with relevant factual or expert knowledge whom the party reserves the option to call as witnesses at trial." Loc.R. 43.02 permits a supplemental disclosure and directs a party "no later than the date for disclosure in the Case Schedule, [to] disclose all persons, whose factual or expert knowledge did not appear relevant until the witnesses were initially disclosed, whom the party reserves the option to call as witnesses at trial." A witness who is not disclosed in compliance with the rule "may not be called to testify at trial, unless the Trial Judge orders otherwise for good cause and subject to such conditions as justice requires." Loc.R. 43.04. Lastly, Loc.R. 39.05(D) provides that "[i]f the Trial Judge, finds that a party or attorney has failed to comply with the local rules and/or a case schedule and/or the Civil Rules without reasonable excuse or legal justification, the Trial Judge may impose sanctions proportional to the extent or frequency of the violation(s)."
{¶ 15} Generally, the trial court has the discretion to determine the sanction to be imposed for a discovery violation, and the reviewing court will reverse the trial court's determination only for an abuse of discretion. Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, syllabus. An abuse of discretion is more than an error of judgment; it instead involves an attitude on the part of the trial court that is "unreasonable, unconscionable, or arbitrary." Settle v. Thurber Manor Apartments (May 11, 1999), Franklin App. No. 98AP-608, quoting Pembaur v. Leis (1982), 1 Ohio St.3d 89.
{¶ 16} The trial court's discretion in choosing a discovery sanction is not unfettered. Settle, supra, citing Billman v. Hirth (1996), 115 Ohio App.3d 615. Rather, a "trial court must consider the posture of the case and what efforts, if any, preceded the noncompliance and then balance the severity of the violation against the degree of possible sanctions, selecting that sanction which is most appropriate." Settle, quoting Russo v. Goodyear Tire Rubber Co. (1987),36 Ohio App.3d 175.
{¶ 17} Here, without question, plaintiff failed to file the necessary disclosure of witnesses. Nonetheless, defendant was not left unapprised of the witnesses plaintiff intended to use at trial. Plaintiff provided his medical records with plaintiff's response to defendant's request for production of documents. Moreover, in response to defendant's interrogatories, plaintiff indicated he would call as witnesses his medical providers. Because defendant had plaintiff's medical records and thus knew plaintiff's medical provider was Dr. Briggs, defendant also knew plaintiff intended to call Dr. Briggs as a witness. Indeed, in the conference before the trial discussing the issue, defendant did not contend she was unaware of the identity of plaintiff's medical provider and potential medical expert witness. To the contrary, several weeks before trial the parties had had the opportunity to take Dr. Briggs' deposition for trial. Accordingly, the record does not support undue prejudice or surprise to defendant had Dr. Briggs been permitted to testify.
{¶ 18} Because defendant suffered little, if any, prejudice as a result of plaintiff's failure to file a disclosure of witnesses, the trial court's sanction, in effect dismissing plaintiff's case, was not proportional to the extent of the violation. Loc.R. 39.05(D). While we do not suggest plaintiff's failure to comply with the local rules is appropriate or acceptable, any sanction imposed must be proportional to the violation and the prejudice suffered by the opposing party. Cf. Bruce v. Gentry (Aug. 5, 1991), Butler App. No. CA89-10-147 ("[G]iven the severity of the sanction, however, expert witness exclusion should be invoked only when clearly necessary to `enforce willful noncompliance or to prevent unfair surprise' "). See, also, Marion v. Brandes (Aug. 1, 2000), Franklin App. No. 99AP-1153 (holding that "in determining a sanction for a discovery infraction, the trial court should consider the history of the case, all the facts and circumstances surrounding the noncompliance, including the number of opportunities and the length of time within which the faulting party had to comply with the discovery or the order to comply, what efforts, if any, were made to comply, the ability or inability of the faulting party to comply, and such other factors as may be appropriate").
{¶ 19} In the final analysis, defendant knew the identity of plaintiff's medical provider and further was aware plaintiff intended to call that medical provider as an expert witness. Moreover, defendant possessed the information well enough in advance of trial to allow defendant to prepare to question plaintiff's expert in deposition testimony. Accordingly, the trial court abused its discretion in excluding Dr. Briggs' testimony. While the trial court possessed the inherent power to control its docket and manage the cases before it, a less severe penalty should have been imposed. See id.
{¶ 20} Accordingly, we sustain plaintiff's first assignment of error, rendering plaintiff's second and third assignments of error moot, and we remand this matter to the trial court for further proceedings consistent with this opinion.
Judgment reversed and case remanded.
TYACK, P.J., and PETREE, J., concur.