OPINION
{¶ 1} Plaintiff-Appellant appeals the dismissal of her Complaint with prejudice in the Stark County Court of Common Pleas.
 {¶ 2} Defendant-Appellee is Alpha Enterprises, Inc.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On December 21, 2000, Plaintiff-Appellant filed a claim with the Bureau of Workers' Compensation, alleging that she had contracted bilateral carpal tunnel syndrome during the course of her employment with Defendant-Appellee, Alpha Enterprises, Inc. (Alpha).
 {¶ 4} Appellant's claim was allowed by the Industrial Commission of Ohio.
 {¶ 5} On June 27, 2001, Defendant-Appellee appealed the allowance of said claim to the Stark County Court of Common Pleas pursuant to R.C.4123.512(A).
 {¶ 6} On July 26, 2001, Plaintiff-Appellant filed her Complaint.
 {¶ 7} On November 15, 2001, Plaintiff-Appellant filed a Civ.R. 41(A)(1)(a) voluntary dismissal of the action.
 {¶ 8} On November 12, 2002, Appellant re-filed her Complaint.
 {¶ 9} On December 11, 2002, Defendant-Appellee Alpha served Plaintiff-Appellant with requests for discovery, including interrogatories, request for production of documents and request for admissions.
 {¶ 10} On January 2, 2003, Plaintiff-Appellant filed her responses to the request for admissions.
 {¶ 11} On March 3, 2003, Defendant-Appellee Alpha filed a Motion to Compel with respect to the interrogatories and request for production of documents requesting that the trial court issue an order compelling Plaintiff-Appellant to respond to the discovery requests "within five days of the Order of this Court" and an Order "dismissing the matter with prejudice in the event that Plaintiff fails to comply this Court's Order compelling Plaintiff to respond to Defendant's discovery requests "
 {¶ 12} On March 20, 2003, Plaintiff-Appellant filed a memorandum contra wherein counsel for Plaintiff-Appellant advised the trial court that the reason for the incomplete discovery was that he could not locate his client. Counsel for Plaintiff-Appellant proposed that the trial court "immediately dismiss the case without prejudice pursuant to Rule 41(A)(2) or 41(B)(1)" or in the alternative to grant Plaintiff-Appellant more time to respond to the discovery requests.
 {¶ 13} On March 26, 2003, Plaintiff-Appellant served responses to the requested discovery.
 {¶ 14} On March 27, 2003, counsel for Plaintiff-Appellant filed a supplemental memorandum contra advising the trial court that he had located his client and that the requested discovery had been served.
 {¶ 15} On March 27, 2003, the trial court issued a Judgment Entry dismissing this matter pursuant to Civ.R. 41(B)(1) for want of prosecution.
 {¶ 16} Appellant filed an appeal and this matter is now before this court for consideration.
 {¶ 17} Appellant's sole assignment of error is as follows:
 ASSIGNMENT OF ERROR {¶ 18} "I. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S CLAIM WITH PREJUDICE FOR FAILURE TO PROVIDE DISCOVERY WHEN HER COUNSEL HAD NEITHER ACTUAL NOR IMPLIED NOTICE OF THE IMPENDING DISMISSAL NOR REASONABLE OPPORTUNITY TO DEFEND AGAINST DISMISSAL AS REQUIRED BY CIVIL RULE 41(B)(1) AND QUONSET HUT, INC. V. FORD MOTOR CO. (1997), 80 OHIO St.3d 46."
 I. {¶ 19} Appellant claims that the trial court erred in dismissing her complaint with prejudice. We agree.
 {¶ 20} The trial court dismissed Plaintiff-Appellant's claim pursuant to Civ.R. 41(B)(1).
 {¶ 21} Civil Rule 41(B)(1) states:
 {¶ 22} (B) Involuntary dismissal: effect thereof.
 {¶ 23} (1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to theplaintiff's counsel, dismiss an action or claim.
 {¶ 24} The decision to dismiss a case pursuant to Ohio R.Civ.P. 41(B)(1) is within the sound discretion of the trial court. Jones v.Hartranft (1997), 78 Ohio St.3d 368, 371; Pembaur v. Leis (1982),1 Ohio St.3d 89, 91.
 {¶ 25} An appellate court's review of such a dismissal is limited to determining whether the trial court abused its discretion. Jones, supra. In Quonset Hut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46, the Ohio Supreme Court held that the abuse of discretion standard applied to dismissals for failure to comply with a discovery order under Civ.R. 41(B)(1).
 {¶ 26} Abuse of discretion connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court. Pembaur, supra. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 27} Among the factors to be considered by the trial judge in determining whether dismissal under Ohio R.Civ.P. 37 is appropriate is the tenet that disposition of cases on their merits is favored in the law.
 {¶ 28} Judicial discretion must be carefully and cautiously exercised before an appellate court will uphold an outright dismissal of a case on purely procedural grounds. DeHart v. Aetna Life Ins. Co.
(1982), 69 Ohio St.2d 189.
 {¶ 29} For purposes of Ohio R.Civ.P. 41(B)(1), counsel has notice of an impending dismissal with prejudice for failure to comply with a discovery order when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal. Quonset Hut, supra.
 {¶ 30} Upon review, we find that Plaintiff-Appellant did not have notice that dismissal was a possibility nor did she have an opportunity to defend against same. At most, she had notice that the Court may order her to produce the requested discovery or risk dismissal if such was not done within five days of such order. However, the Court never ordered such but instead dismissed her action outright.
 {¶ 31} Having found lack of prior notice required by Civ.R. 41(B) we must vacate the order of dismissal with prejudice and reverse and remand for further proceedings.
 {¶ 32} The sole assignment of error is sustained.
 {¶ 33} The judgment of the Court of Common Pleas of Stark County, Ohio is reversed and remanded.
By: Boggins, J., Hoffman, P.J., and Farmer, J. concur.