OPINION *Page 2 
{¶ 1} Plaintiff Vicky L. Maggard, the Administrator of the Estate of James Christopher Maggard, deceased, appeals a judgment of the Court of Common Pleas of Delaware County, Ohio, entered in favor of defendant Mario C. Villegas, M.D. and Premier Health Care Services, Inc., after a jury found the appellees were not negligent in caring for decedent. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN PERMITTING DEFENDANT TO CALL A WITNESS WHO HAD NEVER BEEN DISCLOSED AS A WITNESS PRIOR TO TRIAL, DESPITE LOCAL RULES REQUIRING WITNESS DISCLOSURE."
 {¶ 3} The record indicates early on Wednesday, February 6, 2002, decedent and his wife, the appellant herein, went to the Marion General Hospital Emergency Department complaining of left and anterior chest pain, left arm numbness, vomiting, and a pain that "goes clear through to my back". Dr. Mario Villegas was the doctor who examined decedent in the emergency room.
 {¶ 4} At trial, the parties disagreed about the circumstances surrounding decedent's discharge from the emergency room. Dr. Villegas maintained he wanted to admit decedent to the hospital, but decedent refused. Appellant denied Dr. Villegas offered to admit decedent. At approximately 3:00 a.m., while decedent was still in the emergency room, Dr. Villegas contacted Dr. Gerald French, decedent's family doctor, and made an appointment for Dr. French to see decedent later the same day.
 {¶ 5} Decedent kept the appointment, and Dr. French scheduled a cardiac stress test for Wednesday, February 13. Unfortunately, on Friday, February 8, 2002, *Page 3 
decedent collapsed in his home. Decedent was taken to Marion General Hospital, where he was pronounced dead.
 {¶ 6} Appellant originally brought suit against Dr. French, Dr. Villegas, and Dr. Villegas' employer, Premier Health Care Services, but later dismissed Dr. French from the action. The court conducted a jury trial on April 25 through 28, 2006, and the jury returned a verdict in favor of appellees. In the sole interrogatory the jury found appellees were not negligent under the circumstances of the case.
 {¶ 7} The record does not indicate when appellees first decided to call Dr. French as a witness, and it does not appear appellees filed a pre-trial statement or a list of witnesses and exhibits. However, on the day of trial, prior to opening statements, the court and the parties discussed Dr. French as a potential witness. Appellant's counsel was concerned appellees would mention Dr. French's testimony in their opening statement, and appellant was unaware of what Dr. French's testimony would be.
 {para; 8} The court responded it would give appellant the opportunity to voir dire Dr. French before he testified on direct, or after direct but before appellant cross-examined him, even if it meant recessing early for the day. Appellant agreed. The court stated the purpose of the trial was to get to the truth of the matter. Appellant's counsel replied he specifically requested appellee's counsel be prohibited from mentioning Dr. French's testimony in opening statement, because appellant would be unable to respond. The court agreed. Tr. of Proceedings, pages 13-14.
 {¶ 9} In her case in chief, appellant called decedent's sister. On direct, appellant asked the sister if she recalled having a conversation with the decedent about returning to the emergency room department on the 6th or 7th of February. She stated *Page 4 
she did not recall any such conversation. On cross, appellee inquired who the sister's family doctor was, and she replied, Dr. French. Appellee asked if decedent's sister had taken decedent to the emergency room or attempted to take him to the emergency room on the Thursday before he died. She responded, "No". Appellee asked if decedent's sister had ever told Dr. French she had driven decedent to the emergency room on the day he died, but he would not go in. Decedent's sister denied telling Dr. French any such thing.
 {¶ 10} In their case in chief, appellees called Dr. French as their only witness. Dr. French testified he had spoken with both appellant and decedent's sister on different occasions, and each had told him they had unsuccessfully attempted to persuade decedent to return to the emergency room before he died.
 {¶ 11} Appellant argues the trial court erred in permitting appellees to call Dr. French when his name was not furnished as a potential witness. The admissibility of evidence lies within the sound discretion of the trial court, State v. Robb (2000), 88 Ohio St. 3d 59,723 N.E. 2d 1019. An appellate court may not disturb a ruling by a trial court as to the admissibility of the evidence absent a showing of abuse of discretion which has materially prejudiced the opposing party,Devaney v. Irsik (September 17, 2002), Franklin App. No. 02AP-80, citations deleted.
 {¶ 12} Likewise, a trial court has discretion to determine what sanction should be imposed for a discovery violation, and a reviewing court may reverse only on a finding of abuse of discretion, Nakoff v.Fairview General Hospital (1996), 75 Ohio St. 3d 254, 662 N.E. 2d 1. The Supreme Court has frequently defined the term abuse of discretion *Page 5 
as indicating the trial court's attitude is unreasonable, unconscionable, or arbitrary, see, e.g., Pembaur v. Leis (1982),1 Ohio St. 3d 89, 437 N.E. 2d 1199.
 {¶ 13} A trial court may exclude the testimony of an undisclosed witness as a sanction, but the sanction is only appropriate when the failure to disclose the witness caused unfair surprise with the result and prejudice to the opposing party, Anderson v. Lorain County TitleCompany (1993), 88 Ohio App. 3d 367, 623 N.E. 2d 1318.
 {¶ 14} Appellant did not ask the court to exclude Dr. French as a sanction for failing to disclose him as a defense witness. Appellant did not object to any of Dr. French's testimony. Although appellant filed a motion in limine, she made no reference to Dr. French in it. At the conference before opening statements, appellant appeared satisfied with the court's ruling she would have an opportunity to voir dire the doctor, and with the ruling appellees could not mention Dr. French in opening statement. Appellant inquired into the alleged conversation between decedent's sister and Dr. French in her case in chief.
 {¶ 15} Dr. French did not testify as an expert witness, but rather, as a lay witness reciting his observations and recollections. Dr. French had been named as a defendant in the case, and appellant was well aware he had information relevant to the events which led to decedent's unfortunate death.
 {¶ 16} In Goldfuss v. Davidson (1997), 79 Ohio St. 3d 116,679 N.E. 1099, the Supreme Court found in appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made, seriously affects the basic fairness, *Page 6 
integrity, or public reputation of the judicial process, and challenges legitimacy of the underlying judicial process itself. We do not find plain error here.
 {¶ 17} Delaware County Court of Common Pleas Loc. R. 26 provides a witness not disclosed in compliance with the Rules may not be called to testify at trial, unless the trial judge orders otherwise for good cause and subject to such conditions as justice requires. The court found Dr. French's testimony was relevant to developing the facts of the case, and set conditions under which appellant could mitigate the effects of nondisclosure.
 {¶ 18} We find the trial court did not abuse its discretion in permitting appellees to call Dr. French as a witness under the conditions to which appellant agreed.
 {¶ 19} The assignment of error is overruled.
 {¶ 20} For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.
 Gwin, P.J., Hoffman, J., and Farmer, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed. Costs to appellant. *Page 1