[Cite as *State v. Johnson*, 2019-Ohio-4422.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180501 |
| | | TRIAL NO. C-17TRC-42934A |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| MATTHEW JOHNSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  October 30, 2019

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Sean M. Donovan,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Ernst & Associates, LLC*, and *Matthew T. Ernst*, for Defendant-Appellant.

**MYERS, Presiding Judge.**

{¶1}   Defendant-appellant Matthew Johnson appeals from the trial court's entry convicting him, following a jury trial, of operating a vehicle while under the influence of alcohol or drugs ("OVI").

{¶2}   In a single assignment of error, he argues that the trial court erred in overruling his motion for a mistrial.  Finding no merit to Johnson's argument, we affirm the trial court's judgment.

*Factual and Procedural Background*

{¶3}   Following a traffic stop, Johnson was cited for OVI in violation of R.C. 4511.19(A)(1)(a) and operating a vehicle without two functioning headlights, in violation of R.C. 4513.14.[1]  A video of the traffic stop was given to Johnson during the discovery process.

{¶4}   On the morning of trial,[2] which was approximately seven months after he received the video in discovery, Johnson made a motion in limine to exclude certain portions of the video in which Johnson and the arresting officer discuss Johnson's prior arrest for OVI.  The court granted the motion, but because there was no time to redact the video prior to trial, the trial court and the parties agreed that the video would be muted during the objected to portions when played for the jury.

{¶5}   At trial, Loveland Police Officer Jacob Salamon testified that he initiated a traffic stop of Johnson's vehicle after he witnessed the vehicle travel with

---

[1] Johnson was additionally cited for a violation of R.C. 4511.19(A)(2), but that charge was dismissed.
[2] Only the OVI charge was tried to the jury.  The headlight violation was submitted to the trial court for judgment.

one headlight out, drive 35 m.p.h. in a 25 m.p.h. zone, and turn right without using a signal. Officer Salamon also observed that the vehicle had no license plate light.

{¶6}    After stopping Johnson's vehicle, Officer Salamon noticed an odor of alcohol emanating from it as he approached. Johnson had bloodshot and glassy eyes and slurred several words as he spoke. When Johnson extended his arm to hand his identification to the officer, he stopped short, and it appeared to Officer Salamon as if Johnson's depth perception was impaired. Johnson also dropped his insurance information in his lap, causing Officer Salamon to notice that Johnson's pants were unzipped. Officer Salamon had to repeat several of his questions for Johnson, who stated that earlier in the evening he had hit his head and gone through concussion protocol while refereeing a hockey game. Johnson also stated that he had consumed two beers.

{¶7}    Johnson stumbled and seemed sluggish as he exited from his vehicle. Officer Salamon continued to notice an odor of alcohol in the open air after Johnson exited from the vehicle to perform field-sobriety tests.

{¶8}    Officer Salamon conducted three field-sobriety tests on Johnson. He first conducted the horizontal-gaze-nystagmus test, during which Johnson exhibited six out of six clues of impairment. Johnson also performed poorly on the walk-and-turn test, exhibiting six out of eight clues of impairment. And Officer Salamon aborted the one-leg-stand test early because Johnson had put his foot down on the ground more than three times. Officer Salamon testified that he placed Johnson under arrest for operating his vehicle while under the influence of alcohol and transported him to the police station. Johnson declined to take a breath test, and became very agitated and combative.

{¶9}    The video of the traffic stop was played for the jury, and it was muted at the previously agreed upon times in which Johnson's prior arrest was referenced. The video was admitted as an exhibit and given to the jury to consider during

deliberations. The trial court instructed the jury that it was necessary to mute the video at certain points. It stated that "[y]ou have to mute the sound during these times, and there's [sic] four times that are listed where it has to be muted."

{¶10} During deliberations, the jury called the bailiff and told her that it had accidentally failed to mute a six-second portion of the video that it had been instructed not to listen to. The trial court sent the jury a note instructing it to disregard what it had heard on that portion of the video. Defense counsel moved for a mistrial. The trial court recognized that Johnson's failure to raise any issue with the video until the morning of trial had left the parties at a disadvantage as to the procedure used to keep the statements out of evidence. It further found that any error had been cured by the court's instruction to disregard what the jury had heard during that portion of the video, and it overruled the motion for a mistrial.

{¶11} Prior to accepting the jury's verdict, the trial court asked the jury foreman if the jury had been able to follow the court's instruction with respect to the video. The foreman responded affirmatively. The court then accepted the verdict, which found Johnson guilty of OVI. The trial court separately found Johnson guilty of the headlight violation.

### *Motion for Mistrial*

{¶12} In his sole assignment of error, Johnson argues that the trial court erred in overruling his motion for a mistrial. We review a trial court's ruling on a motion for a mistrial for an abuse of discretion. *State v. Stidhum*, 1st Dist. Hamilton No. C-170319, 2018-Ohio-4616, ¶ 55. An abuse of discretion is more than an error of law or of judgment; it is an unreasonable, arbitrary or unconscionable attitude on the part of the court. *Pembaur v. Leis*, 1 Ohio St.3d 89, 91, 437 N.E.2d 1199 (1982). A mistrial should only be granted where "the ends of justice so require and a fair trial is

no longer possible." *Stidhum* at ¶ 55, quoting *State v. Franklin*, 62 Ohio St.3d 118, 127, 580 N.E.2d 1 (1991).

{¶13} We are mindful that the jury is presumed to have followed the curative instruction issued by the trial court. *Id.* at ¶ 57. And in this case, the jury explicitly stated on the record that it had, in fact, followed that instruction. But Johnson argues that the introduction of evidence that he had previously been charged with the same offense was so inflammatory that it overcame the presumption that the jury had followed the court's curative instruction and, consequently, that a fair trial was no longer possible.

{¶14} The introduction of evidence that a defendant had previously been charged with the same offense does not automatically entitle a defendant to a new trial. Rather, a reviewing court must consider both the impact of the evidence on the verdict and the strength of the remaining evidence after the offending evidence is excised to determine whether the defendant was prejudiced. *State v. Morris*, 141 Ohio St.3d 399, 2014-Ohio-5052, 24 N.E.3d 1153, ¶ 25.

{¶15} Here, the evidence of Johnson's guilt was overwhelming. After initiating the traffic stop, Officer Salamon noticed an odor of alcohol as he approached Johnson. He observed that Johnson had glassy and bloodshot eyes, slurred several words, seemed to have an altered depth perception, and stumbled after exiting from the vehicle. Johnson admitted to having consumed alcohol earlier in the evening. He failed two field-sobriety tests and the third test was aborted because Johnson was unable to complete it.

{¶16} In light of the strength of the evidence supporting Johnson's conviction and the curative instruction issued by the trial court, which the jury affirmatively stated it had followed, we hold that the admission of the evidence on the portion of the video that should have been muted was harmless error. The trial court did not abuse its discretion in denying Johnson's motion for a mistrial.

{¶17} Johnson's assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**BERGERON** and **CROUSE, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.