[Cite as *533 Short North, L.L.C. v. Zwerin*, 2017-Ohio-9194.]

# IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| 533 Short North LLC et al., | : | |
| Plaintiffs-Appellants, | : | No. 16AP-490 |
| | | (C.P.C. No. 13CV-2253) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Victoria Marie Zwerin et al., | : | |
| Defendants-Appellees. | : | |

---

# D E C I S I O N

**Rendered on December 21, 2017**

---

**On brief**: *Law Offices of James P. Connors*, and *James P. Connors*, for appellants. **Argued**: *James P. Connors*.

**On brief**: *James E. Arnold & Associates, LPA, Gerhardt A. Gosnell, II, James E. Arnold*, and *Julia A. Davis*, for appellees. **Argued**: *Gerhardt A. Gosnell, II*.

---

APPEAL from the Franklin County Court of Common Pleas

PER CURIAM.

{¶ 1} Plaintiffs-appellants, 533 Short North LLC ("533 Short North LLC"), Christopher J. Corso, Michael Gallicchio, and Jennifer Pepper, appeal a judgment of the Franklin County Court of Common Pleas that granted the motion to dismiss filed by defendants-appellees, Victoria Marie Zwerin, Grant William Dziak, Michael Quinn, Sarah L. Loveridge, Ashley F. Evans, Joseph Michael Harvey, Brett Fidram, Scott Hetrick, Savannah Lennon, Brenda L. Winters, Lisa A. DeVine, Joseph A. Shuster, Tiffany Rae Good, James Curtis VanMeter, Frank Parrish, Andrew R. Frisch, and Morgan & Morgan PA.

{¶ 2}    We previously set forth the facts of this protracted litigation in detail in *533 Short North, LLC v. Zwerin*, 10th Dist. No. 14AP-1016, 2015-Ohio-4040 ("*533 Short N.*"), and the following factual summary includes a slightly abbreviated version of the facts from that decision. 533 Short North LLC is the owner of a chain of bars in Columbus, Ohio. Zwerin is a former employee of 533 Short North LLC. In 2010, Zwerin filed an action in the United States District Court for the Southern District of Ohio against 533 Short North LLC and individuals who either worked for or had an interest in 533 Short North LLC (hereinafter collectively referred to as "533 Short North"), alleging that 533 Short North's tipping practices violated federal and state wage and hour laws. Frisch, an attorney with Morgan & Morgan, PA, represented Zwerin. Subsequently, some of Zwerin's co-employees opted into the collective action sought by Zwerin.

{¶ 3}    In late 2011, the parties entered into a monetary settlement that included a confidentiality provision that precluded Zwerin from disclosing the terms of the settlement.

{¶ 4}    On May 25, 2012, Zwerin electronically filed a motion seeking the district court's approval of the settlement agreement. Zwerin appended to her motion a copy of the parties' settlement agreement. 533 Short North immediately objected to the filing of the settlement agreement on the publicly accessible docket system. Zwerin withdrew the motion and exhibits, but the motion was not removed from the database until four days later due to an intervening weekend and holiday. The district court subsequently approved the settlement agreement.

{¶ 5}    On May 30, 2012, the Columbus Dispatch published on its website an article about Zwerin's claims and the settlement. The same article appeared in the print version of the Columbus Dispatch the next day. The article included statements attributed to Frisch and two opt-in plaintiffs that included information that appellees believed violated the confidentiality agreement.  On the same day the Columbus Dispatch published the print version of the article, the website "Breakinglawsuitnews.com" posted a story about the parties' settlement that included much of the same information as the Columbus Dispatch article. Approximately two weeks later, the website "Openforum.com" posted an article that reported information that appellees believe violated the confidentiality agreement. Frisch also described Zwerin's suit and posted a link to the Columbus Dispatch article on a blog that he maintains.

{¶ 6}   On August 24, 2012, Zwerin filed a motion for certification of the settlement class and final approval of the settlement. 533 Short North did not oppose the motion and did not raise any objections at the hearing on the motion. On August 31, 2012, the district court granted Zwerin's motion, certified the settlement class, approved the settlement agreement, and dismissed the case.

{¶ 7}   After failing to make the settlement payment due September 10, 2012, 533 Short North filed a motion seeking dismissal of the action with prejudice and imposition of sanctions against Zwerin and the settlement class based on alleged confidentiality agreement breaches. On September 27, 2012, the class plaintiffs filed a memorandum in opposition to 533 Short North's motion to dismiss, to which they attached the settlement agreement as an exhibit. The alleged breaches in 533 Short North's motion to dismiss included: (1) the May 25, 2012 filing of the settlement agreement as an exhibit to the motion seeking preliminary approval of the agreement, (2) the Columbus Dispatch article, and (3) the September 27, 2012 filing of the settlement agreement as an exhibit to the class plaintiffs' memorandum in opposition to 533 Short North's motion to dismiss.

{¶ 8}   On November 2, 2012, the district court denied 533 Short North's motion and ordered 533 Short North to comply with the settlement agreement, finding that, with regard to the first two breaches, 533 Short North waived any right to invoke the court's action related to them based on estoppel by acquiescence due to the failure of 533 Short North to object to the breaches prior to the court's approval of the parties' confidential settlement agreement in August 2012, three months after the alleged breaches. With regard to the third breach, the court found the class plaintiffs had filed the settlement agreement mistakenly believing it was no longer confidential because it had become the subject of further litigation and, regardless, the clerk removed the settlement agreement from the docket and placed it under seal.

{¶ 9}   533 Short North continued to withhold the settlement payment, claiming the class plaintiffs had breached the confidentiality agreements, and the class plaintiffs moved to compel payment. On November 20, 2012, the district court found it had already held in the November 2, 2012 order that 533 Short North waived any right it had to its breach claims.  533 Short North appealed to the Sixth Circuit Court of Appeals.

{¶ 10} While that appeal was pending, 533 Short North filed the present action, seeking damages, as well as injunctive and declaratory relief, based on the alleged

breaches of the confidentiality agreement. Appellees filed a Civ.R. 12(B)(6) motion to dismiss, arguing the doctrine of issue preclusion precluded the action because the district court had already found 533 Short North had waived its right to relief for any breaches of confidentiality that occurred prior to final approval of the settlement agreement. The trial court agreed, and it converted appellees' motion to dismiss into a motion for summary judgment.

{¶ 11} On June 10, 2014, the Sixth Circuit Court of Appeals affirmed the district court's decision, finding 533 Short North failed to alert the district court to the first two alleged breaches, and, with regard to the third alleged breach, the district court did not abuse its discretion by providing tailored relief in the form of an order to the clerk to remove the document from the docket and place it under seal. The Sixth Circuit further concluded that, because 533 Short North could pursue a state court action for breach of the settlement agreement's confidential provisions, the district court was not required to set aside its judgment.

{¶ 12} On November 10, 2014, the trial court granted appellees' converted motion for summary judgment. The trial court found the issue of whether 533 Short North waived its right to object to appellees' alleged breaches of the confidentiality agreements had been litigated and determined by the federal district and appellate courts, and the issue could not be relitigated.

{¶ 13} 533 Short North appealed the judgment, and this court affirmed in part and reversed in part the trial court's decision in *533 Short N.* We found the trial court properly found issue preclusion barred the relitigation of whether 533 Short North waived its right to relief for alleged breaches of confidentiality that occurred prior to the final approval of a settlement agreement, but to the extent that any alleged breaches happened after the approval of the settlement agreement, collateral estoppel did not apply. Therefore, we remanded the matter to the trial court to determine whether—in addition to the post-settlement agreement breach in the September 27, 2012 electronic court filing— there were alleged breaches that occurred after the settlement agreement.

{¶ 14} On remand, on December 9, 2015, the trial court held a status conference, and, on December 11, 2015, the court issued an entry journalizing the status conference. In the entry, the trial court ordered mediation. The court also ordered that if the matter was not resolved through mediation "[533 Short North] will file an Amended Complaint

narrowing the issues remaining to be litigated," within 30 days of the mediation date, December 23, 2015. The matter did not settle, but 533 Short North failed to file an amended complaint.

{¶ 15} On January 27, 2016, the trial court issued another entry, in which it quoted the language of the December 11, 2015 entry and noted that 533 Short North had not yet filed an amended complaint. The court ordered that "[p]laintiffs **shall have 14 days from the date of this Order** within which to file their Amended Complaint." (Emphasis sic.)   533 Short North again failed to file an amended complaint within the time given by the trial court.

{¶ 16} On March 25, 2016, 533 Short North filed a motion for default judgment, asserting no defendants had filed an answer to the original complaint.

{¶ 17} On April 4, 2016, appellees filed a motion to dismiss, arguing that 533 Short North had failed to comply with the court's two orders to file an amended complaint. On April 6, 2016, 533 Short North filed a memorandum contra motion to dismiss in which it claimed that neither of the trial court's entries ordered or required it to file an amended complaint but merely provided it an opportunity to file an amended complaint should it choose to do so, but 533 Short North saw no need to amend its complaint.

{¶ 18} On April 19, 2016, the parties attended a status conference at which 533 Short North again indicated that it did not see a need to amend its complaint and was not going to amend its complaint. The trial court issued a journal entry on that date, indicating the parties shall have seven days from the date of the entry to file any additional responses or memoranda to the pending motions.

{¶ 19} On April 20, 2016, 533 Short North filed a motion for leave to amend the complaint instanter. 533 Short North acknowledged it did not believe it needed to amend its complaint but was doing so to move the case forward. Attached to the memorandum in support of the motion for leave to amend was an affidavit submitted by counsel for 533 Short North, in which he detailed his refusal to amend the complaint, claimed the court orders never actually ordered him to amend the complaint, and explained he never requested to amend the complaint.

{¶ 20} On July 1, 2016, the trial court issued a decision and entry denying 533 Short North's March 25, 2016 motion for default judgment; granting appellees' April 4, 2016 motion to dismiss, and denying 533 Short North's April 20, 2016 motion for leave to

amend complaint instanter. The trial court found 533 Short North intentionally defied the two orders to file an amended complaint narrowing down the issues to remain litigated, and the amended complaint submitted with the motion for leave actually expanded and added to the original complaint allegations that did not identify when the other alleged breaches took place. The court also took issue with 533 Short North's filing of the motion for default judgment with regard to the original complaint, when the trial court had clearly ordered 533 Short North to file an amended complaint. The court rejected 533 Short North's contention that it could not narrow the issues until appellees provided an answer or discovery, given 533 Short North filed the complaint and should be aware of when the other alleged breaches raised in the complaint occurred. The court concluded that dismissal with prejudice, pursuant to Civ.R. 41(B), was appropriate given 533 Short North's deliberate and dilatory actions. 533 Short North appeals the judgment of the trial court, asserting the following assignments of error:

> [I.] The trial court erred by granting defendants' Motion to Dismiss pursuant to Civ.R. 41(B) on remand from the first appeal in *533 Short North LLC v. Zwerin*, 2015-Ohio-4040, 14AP-1016 for failing to obey a court order.

> [II.] The trial court erred by denying plaintiffs' Motion for Leave to Amend Complaint Instanter.

> [III.] The trial court erred by denying plaintiffs' Motion for Default Judgment.

{¶ 21} We address all of 533 Short North's assignments of error together. 533 Short North argues in its first assignment of error the trial court erred when it granted appellees' motion to dismiss, pursuant to Civ.R. 41(B)(1), on remand from the first appeal for failing to obey a court order.  533 Short North argues in its second assignment of error the trial court erred when it denied its motion for leave to amend complaint instanter. 533 Short North argues in its third assignment of error the trial court erred when it denied its motion for default judgment.  A dismissal under Civ.R. 41(B)(1) "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." Civ.R. 41(B)(3). In reviewing a dismissal, pursuant to Civ.R. 41(B)(1), the Supreme Court of Ohio has found: "The decision to dismiss a complaint for failure to prosecute is within the sound discretion of the trial court, and an appellate court's review of such a dismissal is confined solely to the question of whether the trial court abused its

discretion." *Jones v. Hartranft*, 78 Ohio St.3d 368, 371 (1997), citing *Pembaur v. Leis*, 1 Ohio St.3d 89, 91 (1982). The court cautioned that "although reviewing courts espouse an ordinary 'abuse of discretion' standard of review for dismissals with prejudice, that standard is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits." *Id.* Proper factors for consideration in a Civ.R. 41(B)(1) dismissal with prejudice include the drawn-out history of the litigation and evidence that a plaintiff is deliberately proceeding in dilatory fashion." *Id.* Thus, "[w]hile a heightened scrutiny is utilized when reviewing a dismissal with prejudice, the action of the trial court will be affirmed when the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order." (Internal quotations and citations omitted.) *Harris v. Harris*, 10th Dist. No. 98AP-1077 (June 24, 1999).

{¶ 22} As explained above, Civ.R. 41(B)(1) allows for dismissal "after notice to the plaintiff's counsel." "The purpose of notice is to give the party who is in jeopardy of having his or her action or claim dismissed one last chance to comply with the order or to explain the default." *Sazima v. Chalko*, 86 Ohio St.3d 151, 158 (1999). The notice given pursuant to Civ.R. 41(B)(1) need not be actual notice. *Id.* at 155-56. Rather, notice will be implied when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal. *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46 (1997), syllabus. Thus, appellate review of a dismissal for failure to prosecute involves two assessments: first, whether the plaintiff was provided with sufficient notice prior to the dismissal, and second, whether the dismissal constituted an abuse of discretion. *Williams v. RPA Dev. Corp.*, 10th Dist. No. 07AP-881, 2008-Ohio-2695, ¶ 8.

{¶ 23} In the present case, 533 Short North first argues it was not until the April 19, 2016 status conference that it became apparent the trial court wanted it to file an amended complaint, and it immediately responded by filing an amended complaint on April 20, 2016. 533 Short North asserts the trial court was upset with this court's decision in *533 Short N.*, and such was not a reasonable basis to dismiss the case on remand. 533 Short North claims it did not disobey any court orders and fully complied once the court notified it what it wanted. It then claims there was nothing for it to modify in terms of its complaint because those allegations constituted the extent of its knowledge at the time, and its efforts to explain this to the trial court fell on "deaf ears." 533 Short North claims

there were less drastic remedies available instead of dismissal, including reprimand, contempt, barring the attorney from representing the party, and dismissal without prejudice. 533 Short North contends the trial court gave it no notice of what was necessary to avoid dismissal.

{¶ 24} Even considering our heightened abuse-of-discretion standard, we find the trial court did not abuse its discretion. 533 Short North's contentions are unconvincing. As recited above, in the trial court's December 11, 2015 entry journalizing status conference, the court ordered that if the matter was not resolved through mediation, "[533 Short North] will file an Amended Complaint narrowing the issues remaining to be litigated," within 30 days of the mediation date, December 23, 2015. This language is explicit and clear. On January 27, 2016, the trial court issued another entry, in which it quoted the above explicit language from the December 11, 2015 entry and ordered that "[p]laintiffs **shall have 14 days from the date of this Order** within which to file their Amended Complaint." (Emphasis sic.) When the language of the December 11, 2015 and January 27, 2016 entries are read separately and together, it is unmistakable that the trial court was ordering 533 Short North to file an amended complaint. 533 Short North's claim in its April 6, 2016 memorandum contra motion to dismiss that neither of the trial court's entries required it to file an amended complaint was unsupportable in light of the clear language utilized.

{¶ 25} Perhaps more telling as to 533 Short North's true state of mind was the belief it espoused in its memorandum contra that it saw no need to amend its complaint. This same posture was reiterated to the trial court at the April 19, 2016 status conference, and, in fact, 533 Short North indicated to the trial court it would not amend the complaint. Similarly, in 533 Short North's April 20, 2016 motion for leave to amend the complaint instanter, 533 Short North again stated it did not believe it needed to amend its complaint but was doing so to move the case forward. To further drive home its belief, in the memorandum in support of the motion for leave to amend, counsel for 533 Short North submitted an affidavit, in which he detailed his refusal to amend the complaint and reiterated the claim that court orders never actually ordered him to amend the complaint. Thus, it appears 533 Short North failed to amend its complaint not because it did not believe it was ordered to do so but, instead, because it did not believe there was a need to

do so. However, 533 Short North's belief was irrelevant, given the trial court's clear mandate to file an amended complaint.

{¶ 26} Although 533 Short North contends dismissal was harsh and extreme—claiming the trial court was upset with this court for reversing its earlier judgment—our reading of the record, instead, suggests the trial court was frustrated by 533 Short North's repeated refusal to file an amended complaint narrowing the issues remaining before the court despite two orders to do so. The trial court noted in its July 1, 2016 judgment that, although 533 Short North indicated at the status conference it saw no need to amend the complaint and would not do so, in the interest of fairness, it issued the April 19, 2016 entry giving the parties an additional seven days to respond to pending motions. 533 Short North then filed a motion for leave to amend complaint on April 20, 2016, but the trial court found the proposed amended complaint was deficient. The court found the proposed amended complaint did not narrow the issues but, instead, reiterated nearly all of the same language from the original complaint and then added new allegations. The court believed 533 Short North's four-month refusal to abide by court orders, while also attempting to file an amended complaint that disregarded the court's order to narrow the issues remaining to be litigated, demonstrated deliberate dilatory behavior. The trial court's findings, in this respect, are clear and we find they were not an abuse of discretion.

{¶ 27} Furthermore, 533 Short North argues if the trial court was confused about what claims remained on remand, a less drastic resolution could have been reached other than dismissal, such as allowing additional motions or holding a status conference. This argument is without merit. Status conferences were held. Entries were issued. Appellees filed a motion to dismiss. The trial court was explicit about what it wanted clarified in an amended complaint. The trial court explained this court reversed its prior decision because there was a lack of information in the complaint about the timing of some of the alleged breaches, and the trial court wanted 533 Short North to amend the complaint to identify any alleged breaches that occurred after the approval of the settlement agreement. Despite the status conferences, the court entries, and appellees' motion to dismiss, 533 Short North still refused to amend its complaint. In its judgment, the trial court acknowledged the harshness of dismissal and noted the long-standing Ohio precedent that establishes a preference for resolving matters on their merits but determined 533 Short North's persistent refusal to obey the court's order and deliberate

dilatory actions constituted substantial grounds for dismissal with prejudice. We find no error, and reject 533 Short North's argument in this respect.

{¶ 28}   With regard to 533 Short North's third assignment of error that asserts the trial court erred when it denied its motion for default judgment, it must be apparent at this juncture that we find no error in the trial court's denial of the motion. Although 533 Short North contends the trial court did not discuss the merits of the motion in its judgment, the trial court did, in fact, address the motion. The court indicated in its judgment:

> For over four months, Plaintiffs refused to file an Amended Complaint and represented to the Court that they did not feel that an amendment was needed. They went so far as to file a Motion for Default Judgment, arguing such relief was appropriate because Defendants had not yet answered Plaintiffs['] original Complaint, when the Court's orders made it clear that Plaintiffs needed to first file an Amended Complaint and then Defendants would file an Answer to the Amended Complaint.
>
> Plaintiffs' argument that they could not narrow down the issues to be litigated when there has been no Answer and no discovery is not well taken. Plaintiffs are the ones bringing this suit * * *. [I]t is Plaintiffs who would possess that information as to when those alleged breaches took place, and there is no need for Defendants to first file an Answer or even engage in discovery for Plaintiffs to identify when those alleged breaches took place.

Thus, the court's reason for denying 533 Short North's motion for default judgment was clear: The court found default for failure to file an answer was improper because 533 Short North had failed to file an amended complaint in conformity with the court's prior demands. Therefore, we find this argument without merit. For all the foregoing reasons, we overrule 533 Short North's first, second, and third assignments of error.

{¶ 29} Accordingly, 533 Short North's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN, DORRIAN, and LUPER SCHUSTER, JJ., concur.

_____