[Cite as *Sankey v. Fasano*, 2018-Ohio-3107.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| ROBBIE SANKEY, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | CASE NO. 2018-A-0025 |
| LOIS A. BERNARDO FASANO, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2017 CV 0440.

Judgment: Reversed and remanded.

*Robbie Sankey*, pro se, PID# A693-244, Trumbull Correctional Institution, P.O. Box 640, 5701 Burnett Road, Leavittsburg, OH 44430 (Plaintiff-Appellant).

*Francis P. Manning*, Manning & Clair, 38040 Euclid Avenue, Willoughby, OH 44094 (For Defendants-Appellees).

DIANE V. GRENDELL, J.

{¶1} Plaintiff-appellant, Robbie Sankey, appeals from the judgment of the Ashtabula County Court of Common Pleas, dismissing his lawsuit with prejudice for failure to prosecute. The issue to be determined by this court is whether a court can dismiss a civil case filed by an incarcerated individual for failure to prosecute when he was unable to physically appear at trial and no alternative methods for appearance were considered. For the following reasons, we reverse the judgment of the lower court and remand for further proceedings consistent with this opinion.

{¶2} On June 7, 2017, Sankey filed a Complaint against defendants-appellees, Lois and Amico Fasano. It alleged that Lois Fasano forged a fraudulent "Quiet Claim Deed of Conveyance of Land" (sic) in relation to certain property located in Ashtabula and that Amico Fasano did "knowingly notarize" the fraudulent deed.

{¶3} The Fasanos filed an Answer on July 10, 2017.

{¶4} On the same date, Sankey filed a "Motion to Appear at Hearing Via Skype Video, Jammer, or 'Writ Testificandum,'" noting that he was unable to appear in person due to his incarceration. On October 17, 2017, a Magistrate's Order was filed allowing Sankey to appear via telephone for a mediation hearing.

{¶5} On November 15, 2017, Sankey moved to be permitted to appear at the pretrial hearing. A Magistrate's Order allowed him to appear via telephone.

{¶6} Sankey filed a Motion for Summary Judgment on December 1, 2017, which was opposed by the Fasanos. On January 31, 2018, the trial court denied the Motion for Summary Judgment since there was a genuine issue of material fact.

{¶7} Sankey filed a Motion for Order to Convey on February 2, 2018, requesting to be conveyed to the court for the trial scheduled on February 6.

{¶8} A Magistrate's Order was issued on the same date, following a pretrial hearing. The Order stated that "[d]ue to Plaintiff's incarceration in a State prison facility, it was made clear to the Plaintiff that the court is requiring him to be present to prosecute his case and will not allow the trial to proceed by way of a telephone connection from the prison facility." The Order stated that "[a] failure to prosecute this action may result in its Dismissal."

{¶9} Pursuant to a February 6, 2018 Magistrate's Order, on the date of the trial, as previously instructed, Sankey called the court to confirm he could not be present in

person for the trial. Sankey moved to hold the trial at the prison, continue the trial, or dismiss the case without prejudice. The magistrate denied each of these motions.

{¶10} On February 21, 2018, two weeks after the trial date, the court issued a Judgment Entry in which it denied Sankey's Motion to Convey, noting the cost, need for extra security, and the late date of the motion's filing. The court noted that at the trial, defense counsel moved to dismiss, emphasized that "Plaintiff was previously put on notice that the case would proceed to trial on February 6th, 2018, and that it was his responsibility to be present to prosecute his case." The court dismissed the case with prejudice for failure to prosecute. Subsequent Objections to Magistrate's Order filed by Sankey were denied.

{¶11} On February 26, 2018, Sankey filed a Notice of Dismissal which was overruled by the trial court on March 5, 2018, since a final disposition had occurred.

{¶12} Sankey timely appeals and raises the following assignments of error:

{¶13} "[1.] The Court erred in not permitting the Plaintiff to prosecute his case at trial.

{¶14} "[2.] The Court erred by dismissing the Plaintiff's case for want of prosecution with Prejudice."

{¶15} We will consider Sankey's assignments of error jointly, as they both relate to his inability to proceed with his case and its dismissal.

{¶16} As an initial matter, we note that Sankey argues that the court's decision was based, at least in part, upon bias against him and that the judge should have recused herself.

{¶17} The proper procedure for raising an issue of bias of a court of common pleas judge is to "file an affidavit of disqualification with the clerk of the supreme court *

3

* *." R.C. 2701.03(A). Sankey asserts that he did so and the Supreme Court "chose to believe the Judge Affidavit and did not recuse her." "Pursuant to R.C. 2701.03, the determination of a claim that a common pleas judge is biased is within the exclusive jurisdiction of the Chief Justice of the Supreme Court of Ohio." *Aloi v. Enervest*, 11th Dist. Portage No. 2011-P-0023, 2011-Ohio-5112, ¶ 3; *State v. Jackson*, 2015-Ohio-6, 26 N.E.3d 304, ¶ 20 (11th Dist.) (appellate courts lack jurisdiction to review the Supreme Court's determination on the issue of bias). Thus, "an appellate court has no jurisdiction to vacate a trial court's judgment on a claim of judicial bias." *Petralia v. Petralia*, 11th Dist. Lake No. 2002-L-047, 2003-Ohio-3867, ¶ 20.

{¶18} Sankey argues that the court erred by not allowing him to prosecute his case at trial via telephone or another method such as Skype and by dismissing his case for failure to prosecute since he did not physically appear at the trial.

{¶19} The dismissal of a complaint for failure to prosecute is reviewed for an abuse of discretion. *Jones v. Hartranft*, 78 Ohio St.3d 368, 371, 678 N.E.2d 530 (1997). The decision whether to permit an incarcerated party to attend a civil proceeding has been evaluated under the same standard. *Faith v. Scuba*, 11th Dist. Geauga No. 2007-G-2767, 2007-Ohio-6563, ¶ 16-17.

{¶20} Initially, the Fasanos contend that the trial court properly denied Sankey's request to attend the trial, citing to *Mancino v. Lakewood*, 36 Ohio App.3d 219, 523 N.E.2d 332 (8th Dist.1987). "An incarcerated individual does not have a constitutional right to be present at a civil trial or hearing." (Citation omitted.) *Faith* at ¶ 18; *Lopshire v. Lopshire*, 11th Dist. Portage No. 2008-P-0034, 2008-Ohio-5946, ¶ 35. However, courts may permit attendance at a hearing following an evaluation of various factors, including the cost of transporting the prisoner, whether the claim has merit and can be

4

intelligently argued by the prisoner, and the danger of transporting the prisoner. *Mancino* at 222. There is no question that the lower court considered these factors in the present matter, finding that transporting Sankey would be costly, create additional security concerns, and there was not sufficient notice prior to trial to grant the motion. The Fasanos' main argument in their appellate brief is that there was not an abuse of discretion in that decision, a contention with which we do not disagree. Sankey, however, primarily argues not that the court erred in disallowing him to be transported to court for the trial but that he should have been permitted to participate in some manner, such as by phone, or, at the least, his case should have been dismissed without prejudice. The question, then, is whether, by denying Sankey *any* opportunity to litigate his case, the lower court abused its discretion in dismissing for failure to prosecute.

{¶21} Dismissal of actions for failure to prosecute is governed by Civ.R. 41(B)(1) which states: "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

{¶22} In general, there is no question that Sankey was an active participant in these proceedings, filed various motions, completed discovery, and repeatedly requested to be able to participate by several methods, including via telephone or Skype. It was evident from the beginning of the proceedings that he would be incarcerated throughout this matter. He also moved prior to dismissal for options such as holding the trial at the jail, granting a continuance, or dismissing the matter without prejudice. The dismissal for failure to prosecute was related solely to the fact that Sankey was unable to appear at trial as was required by the court.

{¶23} Several appellate districts have held that a court cannot dismiss a civil

5

complaint from an incarcerated individual based solely on the fact that the individual is incarcerated. Where an action was dismissed for failure to prosecute due to the inmate's incarceration and inability to appear at a hearing, and the inmate had been an active participant in the proceedings, this court found that "[d]ismissing the action with prejudice without considering less drastic alternatives did not advance the judicial principle of deciding cases on the merits." *Jordan v. Ivanchak*, 11th Dist. Trumbull No. 88-T-4102, 1989 WL 152691, *4 (Dec. 15, 1989). *See Tokles & Son, Inc. v. Midwestern Indem. Co.*, 65 Ohio St.3d 621, 632, 605 N.E.2d 936 (1992) (the law favors the disposition of cases on their merits). Thus, the trial court abused its discretion by failing to "attempt[] a less drastic remedy which would give plaintiff his day in court." *Id.*

{¶24} Similarly, in *Freeman v. Kimble-Freeman*, 8th Dist. Cuyahoga No. 79287, 2001 WL 1671430 (Nov. 29, 2001), the court held that the "dismissal of a *pro se* inmate's complaint for want of prosecution where no means of appearance is available is an abuse of the trial court's discretion." *Jordan* at *4. In reaching that holding, it was emphasized that the trial court had at its disposal means of addressing the problem, such as a telephonic conference or stay of proceedings until the appellant could obtain counsel or was released from prison. *Id.* *See also Porter v. Rose*, 8th Dist. Cuyahoga No. 79697, 2002-Ohio-3432, ¶ 18 ("[W]e question whether a trial court may dismiss a civil complaint from an incarcerated pro se defendant without first considering other methods of providing the complainant access to the courts."). Alternatives that should be considered by a court before dismissal with prejudice include a bench trial in the prison, video or telephone conferencing, postponement if release is imminent, and "dismissal without prejudice leaving open the possibility of the plaintiff's refiling his case at a later date." *Laguta v. Serieko*, 48 Ohio App.3d 266, 267, 549 N.E.2d 216 (9th

6

Dist.1988).

{¶25} Finally, in *Harden v. Dayton*, 2d Dist. Montgomery No. 22072, 2008-Ohio-1599, cited by Sankey, the court noted that "a dismissal under Civ.R. 41(B)(1) for failure to prosecute should be a last resort in a case like the one before us," where the appellant "had requested discovery, appointment of counsel, and continuances on multiple occasions." *Id.* at ¶ 30. Since trial courts should be "imaginative and innovative" in dealing with this type of case, the trial court must consider "alternative, less punitive ways to address the logistical problems associated with a pro se litigant" who is incarcerated. (Citation omitted.) *Id.* at ¶ 29 and 31; *M.C. v. S.L.*, 10th Dist. Franklin No. 13AP-917, 2014-Ohio-3338, ¶ 11.

{¶26} While the Fasanos argue that *Harden* is distinguishable because it related to a civil rights violation occurring at the time of the defendant's arrest, its general principles are applicable to civil cases and are also consistent with the extensive case law cited above. Further, to the extent that the Fasanos argue Sankey did not move for appointed counsel, it does not follow that all of the other methods for proceeding with his case discussed above should not have been adequately considered.

{¶27} We find nothing in the record to indicate why the court failed to allow alternate methods for hearing this case, although it was evident Sankey attempted to advance alternatives to physical appearance. The February 2, 2018 Magistrate's Order indicates that "it was made clear to Plaintiff that the Court is requiring him to be present to prosecute his case and will not allow the trial to proceed by way of a telephone connection from the prison facility," but fails to provide an explanation of why this was the case. There is no question that the court had the physical capability to do so, given that it allowed Sankey to appear in such a manner both for mediation and pretrial

7

hearings. As explained in the litany of cases above, the courts should provide alternative means to an incarcerated individual rather than dismissing solely due to his failure to appear in person.

{¶28} It is also unclear why the court dismissed this matter with prejudice when it could have stayed the proceedings or even dismissed without prejudice, as Sankey requested. The Fasanos note that Sankey is due to be released several months prior to the expiration of the statute of limitations for a fraud claim, so it appears he could have timely refiled his claims. Such opportunity was taken away from him by the trial court.

{¶29} The Fasanos argue that since no transcript was filed, we should presume the regularity of the proceedings below. They raise this claim, however, in relation to the court's consideration of the *Mancino* factors regarding the transport of a prisoner for trial. As noted above, we find no error in the court's holding as to that issue. The Fasanos are also unclear as to what transcripts should have been provided and it is not evident whether any record of the pretrial hearings where these matters would have been discussed was made. In any event, as noted above, the court's own statements appear to indicate that it determined the failure to be physically present in court alone provided grounds for dismissal, even though it appears other methods for trial were available to the court. The court failed to address any of these issues in its judgment entries and magistrate orders addressing Sankey's various requests for the court to provide an alternative method to hear his claims. A court speaks through its judgment entries and its failure to provide any basis for its decisions makes it impossible to determine whether the court considered any of the alternatives to dismissal, let alone its reasons for rejecting these alternatives. *See Dvorak v. Dvorak*, 11th Dist. Portage No. 2006-P-0003, 2006-Ohio-6875, ¶ 13.

8

**{¶30}** Since the lower court failed to consider alternatives to dismissal with prejudice, we reverse its decision. Upon remand, the trial court should consider alternatives to dismissal, such as the possibility of allowing Sankey to appear before the court in a method other than physical presence at the courthouse or, if such appearance is not possible, dismissal of the case without prejudice.

**{¶31}** The first and second assignments of error are with merit.

**{¶32}** For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas, dismissing Sankey's case for failure to prosecute, is reversed and this matter is remanded for further proceedings consistent with this opinion. Costs to be taxed against appellee.

CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.

9