[Cite as *Norris v. Greater Cleveland Regional Transit Auth.*, 2022-Ohio-3552.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

BYRON NORRIS,                                   :

    Plaintiff-Appellant,              :

                                       Nos. 111238 and 111383

    v.                                        :

GREATER CLEVELAND REGIONAL        :
TRANSIT AUTHORITY,

                                 :

    Defendants-Appellees.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 6, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-935542

---

### *Appearances:*

Daniel Mark Katz Co LPA and Murray Richelson, *for appellant.*

Sheryl King Benford, General Counsel — Deputy General Manager for Legal Affairs, Keith A. Ganther, Acting Deputy General Counsel — Litigation, and Brian R. Gutkoski, Associate Counsel II, *for appellee.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Plaintiff-appellant Byron Norris filed a tort claim against defendant-appellee Greater Cleveland Regional Transit Authority ("RTA") alleging negligent operation of a bus resulted in injuries to him and damages to his vehicle. The trial court ultimately granted RTA's motion to dismiss for want of prosecution and dismissed the case with prejudice. Norris filed a Civ.R. 60(B) motion for relief from judgment, alleging he was unable to attend a scheduled deposition because he was arrested and incarcerated several days before the deposition. He claimed that his incarceration constituted excusable neglect. The docket, however, reflects a drawn-out history of litigation and that Norris's lack of participation preceded his incarceration. Under the circumstances of this case, the trial court properly found Norris's incarceration did not constitute excusable neglect and its dismissal of the case with prejudice was not an abuse of discretion.

**Procedural History**

{¶ 2} The case stemmed from an incident in July 2020 when Norris's vehicle collided with the rear of an RTA bus. The accident report prepared by Patrolman Tarik Thomas concluded that Norris "failed to yield the right of way to the GCRTA bus, which was the primary cause of the accident." In August 2020, Norris filed the instant lawsuit alleging RTA was negligent in operating the bus. RTA filed an answer and a counterclaim.

{¶ 3} The docket reflects the matter was set for a case-management conference on December 30, 2020, and the trial court warned that a failure to

appear at the conference may result in sanctions including a dismissal of the case. The conference was subsequently cancelled for unknown reasons. The trial court scheduled another case-management conference for March 3, 2021, and again warned that a failure to appear may result in sanctions including a dismissal. Due to COVID-19, the trial court converted the in-person conference to an email case conference. Following the email conference, on February 23, 2021, the trial court set forth deadlines for discovery, expert reports, and dispositive motions and also scheduled a final pretrial for July 27, 2021, and trial for August 16, 2021. The court warned that a failure to appear at any scheduled date will result in a dismissal with prejudice.

{¶ 4} To meet the discovery deadline of March 12, 2021, RTA scheduled Norris's deposition on March 8, 2021. Norris appeared for the deposition but refused to answer questions and abruptly terminated his counsel's representation. On the same day, his counsel filed a motion to withdraw from further representation, stating that "Plaintiff has failed to cooperate, and Plaintiff has discharged the undersigned."

{¶ 5} Thereafter, RTA moved for summary judgment. Norris, now represented by another counsel from the same law firm, filed a notice for voluntary dismissal pursuant to Civ.R. 41(A), stating that the case had been settled and plaintiff voluntarily dismissed the case without prejudice. RTA asked the court to strike the notice, informing the court that the case had not been settled and that its

compulsory counterclaim was pending. Norris's new counsel withdrew the voluntary dismissal, explaining that the notice was filed in error.

{¶ 6} On June 22, 2021, the trial court journalized an entry requiring plaintiff's counsel to submit various documents by July 16, 2021, and it again warned that a failure to submit the requested documents will result in the case being dismissed for a failure to prosecute. The trial court subsequently denied RTA's motion for summary judgment. On October 4, 2021, RTA filed a notice of deposition of Norris for October 18, 2021.

{¶ 7} Apparently, on October 10, 2021, Norris was arrested for having weapons while under disability. He, however, never notified the court, his counsel, or RTA of his arrest and incarceration or his unavailability for the deposition. On the scheduled deposition day, his original counsel, apparently reengaged by Norris, appeared and reported that he expected Norris's appearance because he had notified Norris of the deposition. Norris never appeared for the second attempted deposition.

{¶ 8} Neither Norris nor his counsel notified RTA or the court that his non-appearance at the deposition was due to his incarceration. On October 25, 2021, RTA filed a motion to dismiss with prejudice for want of prosecution pursuant to Civ.R. 41(B)(1). RTA stated that, despite its reasonable notifications and attempts on March 8, 2021, and October 18, 2021, to depose Norris, he failed to make himself available for the depositions, which made it impossible for RTA to prepare its defense and to meaningfully participate in any pretrial proceedings.

{¶ 9} No opposition to the motion to dismiss was filed by Norris's counsel. Seventy-seven days after RTA filed the motion to dismiss, the trial court granted the dismissal on January 11, 2022. The trial court found the drawn-out history of the case made dismissal with prejudice appropriate. The court noted Norris failed to make himself available for scheduled depositions; removed and reengaged his counsel but still failed to appear for a properly noticed deposition; and failed to make himself available for phone conferences when instructed. The trial court pointed out that Norris's dilatory conduct required multiple filings by the defendant to obtain necessary discovery and he had been advised via his counsel that a failure to comply with discovery requests would result in a dismissal with prejudice.

{¶ 10} Three days after the trial court granted the motion to dismiss, on January 14, 2022, Norris, through his original counsel, filed a Civ.R. 60(B) motion for relief from judgment. He informed the court, for the first time, that Norris was arrested on October 10, 2021, and therefore unable to attend the scheduled deposition on October 18, 2021. Norris maintained that he "demonstrate[d] excusable neglect [as to] why the Plaintiff could not respond to discovery" and was entitled to relief from judgment.

{¶ 11} RTA opposed the motion, arguing Norris's incarceration did not constitute excusable neglect meriting a relief from judgment. After Norris filed the motion for relief from judgment, he also filed a notice of appeal from the trial court's judgment dismissing the case, in 8th Dist. Cuyahoga No. 111238. This court

remanded the matter to the trial court to rule on the pending Civ.R. 60(B) motion. Upon remand, the trial court denied Norris's Civ.R. 60(B) motion.

{¶ 12} The court found Norris to have continuously failed to participate in the development of his own case and to communicate with his own counsel and had shown a disregard for the court's orders and properly noticed depositions. The court noted that between October 25, 2021, when RTA filed the motion to dismiss for want of prosecution, and January 11, 2022, when the court granted the motion to dismiss, there was no indication from Norris or his counsel that he was unavailable due to his incarceration. The court also observed that there was no excuse offered for his lack of cooperation or participation at the March 8, 2021 deposition and multiple telephone conferences and that no settlement negotiations were ever communicated to the court as requested. The trial court, noting that it was Norris's responsibility to communicate with his counsel and to participate in counsel's representation, found that Norris's "willful disregard for the court orders, civil rules, local rules, and properly noticed depositions constitute[d] a complete disregard for the judicial system" and that his incarceration more than a year after he filed the complaint did not qualify as excusable neglect.

{¶ 13} Norris appealed from the judgment denying his Civ.60(B) motion, in 8th Dist. Cuyahoga No. 111383. This court consolidated the two appeals. On appeal, Norris raised the following three assignments for our review, which relate to both the trial court's dismissal of the case and its denial of his Civ.R. 60(B) motion:

I. The trial court erred in dismissing plaintiff's complaint with prejudice for failing to prosecute when such dismissal was ineffective as it violates Civil Rule 30(A).

II. The trial court erred in failing to provide notice to the plaintiff of its intent to dismiss the case with prejudice.

III. The dismissal with prejudice for failing to comply with discovery was an abuse of discretion.

{¶ 14} Before we address the merits of Norris's claims, we note that RTA argues Norris waives all claims regarding the dismissal because he did not oppose RTA's motion to dismiss. We recognize this court has considered issues raised in the motion to dismiss waived if the motion is unopposed. *Demsey v. Haberek*, 8th Dist. Cuyahoga No. 104894, 2017-Ohio-1453, ¶ 7. In the interest of justice, however, we will review the claims raised in this appeal on its merits. *Id.* As the assignments of error are related, we address the assignments of error jointly for ease of discussion.

**Law and Analysis**

{¶ 15} Civ.R. 41(B)(1) governs dismissal for a failure to prosecute. It states, "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

{¶ 16} "The decision to dismiss a case with prejudice under Civ.R. 41(B)(1) is within the trial court's discretion." *Miller v. Plain Dealer Publishing Co.*, 8th Dist. Cuyahoga No. 101335, 2015-Ohio-1016, ¶ 11, citing *Tarquinio v. Estate of Zadnik*, 8th Dist. Cuyahoga Nos. 95767 and 96246, 2011-Ohio-3980, ¶ 20, citing *Jones v.*

*Hartranft*, 78 Ohio St.3d 368, 371, 678 N.E.2d 530 (1997). However, because a dismissal with prejudice precludes a judgment on the merits of plaintiff's claims, we review a trial court's decision to dismiss a case with prejudice "under a heightened abuse-of-discretion standard." *Id.*, citing *Simmons v. Narine*, 2014-Ohio-2771, 15 N.E.3d 1206, ¶ 7 (8th Dist.).

{¶ 17} As this court explained, the trial court's authority under Civ.R. 41(B)(1) is based on its "power to manage and administer its own docket and to ensure the orderly and expeditious disposition of cases." *N. Elec., Inc. v. Amsdell Constr., Inc.*, 8th Dist. Cuyahoga No. 99775, 2013-Ohio-5433, ¶ 9, citing *Pembaur v. Leis*, 1 Ohio St.3d 89, 91, 437 N.E.2d 1199 (1982). "The court's inherent power to control its docket includes the discretionary power to dismiss actions as a sanction for disregarding court orders or failing to prosecute." *Id.*, citing Civ.R. 41(B)(1) and *Jones, supra.*

{¶ 18} The factors to consider in reviewing a Civ.R. 41(B)(1) dismissal with prejudice include the drawn-out history of the litigation and evidence that a plaintiff is deliberately proceeding in dilatory fashion. *533 Short N. LLC v. Zwerin*, 2017-Ohio-9194, 103 N.E.3d 258, ¶ 21 (10th Dist.). Therefore, while we apply a heightened standard of review for a dismissal with prejudice, we will affirm the trial court's decision if the conduct of the party is "'so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute * * *.'" *Id.*, quoting *Harris v. Harris*, 10th Dist. Franklin No. 98AP-1077, 1999 Ohio App. LEXIS 2867 (June 24, 1999).

{¶ 19} Here, the trial court granted RTA's motion to dismiss with prejudice 77 days after the motion was filed and remained unopposed. Three days after the judgment, Norris filed a Civ.R. 60(B) motion for relief from judgment, alleging he was arrested on October 10, 2021, and unable to attend the October 18, 2021 deposition, and claiming his incarceration constituted excusable neglect.

{¶ 20} In order to prevail on a motion for relief from judgment under Civ.R. 60(B), the moving party must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. If any of these three requirements is not met, the motion should be overruled. *Svoboda v. Brunswick*, 6 Ohio St.3d 348, 351, 453 N.E.2d 648 (1983). Regarding the second requirement, Civ.R. 60(B) states that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *."

{¶ 21} We recognized that "a court cannot dismiss a civil complaint from an incarcerated individual based solely on the fact that the individual is incarcerated." *Sankey v. Fasano*, 2018-Ohio-3107, 107 N.E.3d 17, ¶ 23 (11th Dist.). "[D]ismissal of a pro se inmate's complaint for want of prosecution where no means of appearance is available is an abuse of the trial court's discretion." *Id*. at ¶ 24. *See also Porter v.*

*Rose*, 8th Dist. Cuyahoga No. 79697, 2002-Ohio-3432, ¶ 19. "Where an action was dismissed for a failure to prosecute due to the inmate's incarceration and inability to appear at a hearing, and the inmate had been an active participant in the proceedings," a dismissal with prejudice would not advance the judicial principle of deciding cases on the merits. *Sankey* at ¶ 23

{¶ 22}Norris's history of nonparticipation and dilatory conduct that preceded his incarceration distinguishes this case from the foregoing cases involving an incarcerated party. As the trial court found, he failed to make himself available for phone conferences when specifically instructed to do so; never communicated settlement negotiations to the trial court upon its request; and, while he appeared at the first deposition, he refused to cooperate at the deposition. Furthermore, Norris was represented by counsel for the most part of the case; while he terminated his original counsel in March 2021, a substitute counsel from the same law firm subsequently represented him until October 18 2021, when his original counsel appeared at the second scheduled deposition (but was not made aware of Norris's incarceration).

{¶ 23}Under the circumstances of this case, the trial court properly found Norris's incarceration more than a year after he filed the complaint did not constitute excusable neglect. The procedural history of the case reflects that Norris had not been an active participant in the case before his incarceration. The inaction of a defendant is not excusable neglect if it can be labeled as a "complete disregard for the judicial system." *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665

N.E.2d 1102 (1996). The trial court here specifically found Norris to have displayed a complete disregard for the judicial system and acted in a dilatory manner. "The trial court is in the best position to judge whether delays in the prosecution of a case are due to legitimate reasons when determining whether dismissal for lack of prosecution is warranted." *Miller,* 2015-Ohio-1016, at ¶ 15, citing *Gelske v. 800 Constr. Co.,* 8th Dist. Cuyahoga No. 80163, 2002-Ohio-3434, ¶ 13. It is Norris's dilatory conduct throughout the history of the case — including his failure to notify the defendant, the court, and apparently his counsel of his incarceration — not his failure to appear at the second deposition, that led to the dismissal of the case with prejudice.

{¶ 24} Indeed, on appeal, Norris does not appear to argue that his incarceration constituted excusable neglect. Rather, he argues on appeal that the trial court's ruling contravened Civ.R. 30(A).

{¶ 25} Civ.R. 30(A) states, in pertinent part, "[t]he deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes." The rule is not applicable under the circumstances of this case. The rule prohibits the deposition of a confined person unless permitted by the trial court. At the time RTA's notice of deposition was filed on October 4, 2021, Norris was not yet arrested, and Norris failed to make RTA or the trial court aware of his arrest on October 10, 2021, until January 14, 2022, when he filed the Civ.R. 60(B) motion. Norris's reliance in Civ.R. 30(A) is misplaced.

{¶ 26} Norris also argues the trial court failed to provide him with notice with its intent to dismiss the case with prejudice. The claim lacks merit as well. "The notice requirement of Civ.R. 41(B)(1) is satisfied 'when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal.'" *Walker v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 91648, 2009-Ohio-2261, ¶ 7, quoting *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 684 N.E.2d 319 (1997). Furthermore, "[w]hen a defendant files a motion to dismiss for want of prosecution, and the court affords the plaintiff the opportunity to respond, the notice requirement of Civ.R. 41(B)(1) is met." *Walker* at ¶ 10, citing *Shafron v. Erie Rd. Dev. Co.*, 8th Dist. Cuyahoga No. 90675, 2008-Ohio-3813, ¶ 15. *See also Sazima v. Chalko*, 86 Ohio St.3d 151, 156, 712 N.E.2d 729 (1999) (a pending motion to dismiss was sufficient to put the plaintiff on implied notice of an impending dismissal).

{¶ 27} Here, RTA filed the motion to dismiss for want of prosecution on October 25, 2021. The motion was served upon Norris's original counsel, who represented him at the October 18, 2021 deposition and apparently continued to represent him because no notice of withdrawal was filed. The trial court did not grant the motion until 77 days later. Counsel was informed of the possibility of dismissal and was afforded ample opportunity to respond to the motion to dismiss. As such, the Civ.R. 41(B)(1) notice requirement was met in this case.

{¶ 28} For the foregoing reasons, appellant's first, second, and third assignments are without merit. The trial court's judgment is affirmed.

**{¶ 29}** Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR